E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
KAITLYN B. LASATER (Cal. Bar No. 299762)
Special Assistant United States Attorney
JULIUS J. NAM (Cal. Bar No. 288961)
Assistant United States Attorney
Riverside Branch Office
        3403 Tenth Street, Suite 200
        Riverside, California 92501
        Telephone: (951) 955-5400/(951) 276-6942
        Facsimile: (951) 276-6202
        Email:     Kaitlyn.Lasater@usdoj.gov
                   Julius.Nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 22-56(A)-RGK |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MATTHEW JOHN MIECHKOWSKI |
| v. | |
| MATTHEW JOHN MIECHKOWSKI, aka "Sedictivesoul38," aka "Jon," aka "Matt," | |
| Defendant. | |

        1.   This constitutes the plea agreement between MATTHEW JOHN

MIECHKOWSKI, also known as "sedictivesoul38," "Jon," and "Matt"

("defendant"), and the United States Attorney's Office for the

Central District of California (the "USAO") in the above-captioned

case.  This agreement is limited to the USAO and cannot bind any

1   other federal, state, local, or foreign prosecuting, enforcement,

2   administrative, or regulatory authorities.

3                           DEFENDANT'S OBLIGATIONS

4        2.   Defendant agrees to:

5             a.   At the earliest opportunity requested by the USAO and

6   provided by the Court, appear and plead guilty to Counts Three and

7   Five of the First Superseding Indictment in <u>United States v. Matthew</u>

8   <u>John Miechkowski</u>, ED CR No. 22-56(A)-RGK, which charge defendant with

9   Use of a Facility of Interstate Commerce to Attempt to Induce a Minor

10  to Engage in Criminal Sexual Activity, in violation of 18 U.S.C.

11  § 2422(b); and Possession of Child Pornography, in violation of 18

12  U.S.C. §§ 2252A(a)(5)(B), (b)(2).

13            b.   Not contest facts agreed to in this agreement.

14            c.   Abide by all agreements regarding sentencing contained

15  in this agreement and affirmatively recommend to the Court that it

16  impose a sentence no lower than 144 months' imprisonment in

17  accordance with paragraph 25 of this agreement.

18            d.   Appear for all court appearances, surrender as ordered

19  for service of sentence, obey all conditions of any bond, and obey

20  any other ongoing court order in this matter.

21            e.   Not commit any crime; however, offenses that would be

22  excluded for sentencing purposes under United States Sentencing

23  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

24  within the scope of this agreement.

25            f.   Be truthful at all times with the United States

26  Probation and Pretrial Services Office and the Court.

27            g.   Pay the applicable special assessments at or before

28  the time of sentencing unless defendant has demonstrated a lack of

                                     2

ability to pay such assessments.  The parties will base the determination of the lack of ability to pay such assessment on the information in defendant's Presentence Investigation Report, a completed Financial Disclosure Statement provided by the USAO and all required supporting documents, as well as other relevant information relating to ability to pay.  If defendant has not demonstrated a lack of ability to pay such assessment, payment is made by issuing payment in the form of certified check, business check, or money order (no personal checks) made payable to "Clerk, U.S. District Court," and identify the case name and number on the "memo" line.  All payments shall be delivered to:

United States District Court

Fiscal Department

255 East Temple Street, Room 1178

Los Angeles, CA 90012

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  In the event the Court imposes a schedule of payment, agree that such schedule represents a minimum payment obligation, applies only during the period of supervision, and does not preclude the government from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   Complete a Financial Disclosure Statement on a form provided by the USAO and, within 45 days of defendant's entry of guilty pleas, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at

usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based Presentence Investigation Report, the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Agree that payment of all criminal monetary obligations (e.g., restitution, fines, penalties, special assessments) shall be made by issuing payment in the form of a certified check, business check, or money order (no personal checks) made payable to "Clerk, U.S. District Court," and identify the case name and number on the "memo" line, and, in the event restitution is ordered, further agree that no payment shall be made directly to a victim.  All payments shall be delivered to:

United States District Court

Fiscal Department

255 East Temple Street, Room 1178

Los Angeles, CA 90012

k.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

l.   Expressly authorize the United States Attorney's Office and/or the Department of Justice to obtain reports from any consumer/credit reporting agency immediately after signing this plea agreement.

m.   If requested by the United States Attorney's Office, defendant agrees to submit to a judgment debtor examination conducted by the United States Attorney's Office Financial Litigation Section

1  prior to sentencing regarding his financial condition, financial

2  disclosures, assets, and ability to pay restitution.

3        n.   Consent to the USAO inspecting and copying all of

4  defendant's financial documents and financial information held by the

5  United States Probation and Pretrial Services Office.

6        o.   Agree that the restitution, restitution judgment,

7  payment provisions, and collection actions of this plea agreement are

8  intended to, and will, survive defendant, notwithstanding any

9  abatement of any underlying criminal conviction after the execution

10  of this agreement.  Further agree that any restitution collected

11  and/or distributed will survive him, notwithstanding any abatement of

12  any underlying criminal conviction after execution of this agreement.

13        p.   Agree to and not oppose the imposition of a term of

14  supervised release of no less than 10 years with the conditions of

15  supervised release set forth in paragraph 3.

16     3.   Defendant agrees to, and agrees not to oppose, the

17  imposition of the following conditions of probation or supervised

18  release:

19        a.   <u>Sex Offender Registration</u>: Defendant shall register as

20  a sex offender, and keep the registration current, in each

21  jurisdiction where defendant resides, where defendant is an employee,

22  and where defendant is a student, to the extent the registration

23  procedures have been established in each jurisdiction. When

24  registering for the first time, defendant shall also register in the

25  jurisdiction in which the conviction occurred if different from

26  defendant's jurisdiction of residence.  Defendant shall provide proof

27  of registration to the Probation Officer within three days of

28  defendant's placement on probation/release from imprisonment.

b.   <u>Counseling</u>: Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall be authorized to disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.  As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision, under 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.  If defendant has no ability to pay, no payment shall be required.

c.   <u>Access to Materials</u>: Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  Defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1). This condition does not prohibit defendant from possessing materials solely because they are necessary

to, and used for, a collateral attack, nor does it prohibit defendant

from possessing materials prepared and used for the purposes of

defendant's Court-mandated sex offender treatment, when defendant's

treatment provider or the probation officer has approved of

defendant's possession of the materials in advance.

d.   Contact with Others:

i.   Defendant shall not contact the victim referenced

in Count One of the First Superseding Indictment ("Minor Victim 1")

or Minor Victim 1's mother by any means, including in person, by mail

or electronic means, or via third parties.  Further, defendant shall

remain at least 100 yards from Minor Victim 1 and her mother at all

times.  If any contact occurs, defendant shall immediately leave the

area of contact and report the contact to the Probation Officer.

Defendant shall not associate or have verbal, written, telephonic, or

electronic communication with any person under the age of 18, except:

(a) in the presence of the parent or legal guardian of said minor;

and (b) on the condition that defendant notifies said parent or legal

guardian of defendant's conviction in the instant offense.  This

provision does not encompass persons under the age of 18, such as

waiters, cashiers, ticket vendors, etc., with whom defendant must

interact in order to obtain ordinary and usual commercial services.

ii.   Defendant shall not frequent, or loiter, within

100 feet of school yards, parks, public swimming pools, playgrounds,

youth centers, video arcade facilities, or other places primarily

used by persons under the age of 18.

iii. Defendant shall not affiliate with, own, control,

volunteer or be employed in any capacity by a business or

7

organization that causes defendant to regularly contact persons under the age of 18.

    iv. Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

    v. Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

  e. <u>Employment</u>: Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days before any scheduled change.

  f. <u>Residence</u>: Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days before any scheduled move.

  g. <u>Search</u>: Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, and effects and other areas under defendant's control, to search at

8

1    any time, with or without warrant, by any law enforcement or

2    Probation Officer with reasonable suspicion concerning a violation of

3    a condition of probation/supervised release or unlawful conduct by

4    defendant, and by any Probation Officer in the lawful discharge of

5    the officer's supervision function; and if stopped or questioned by a

6    law enforcement officer for any reason, defendant shall notify that

7    officer that defendant is on federal supervised release and subject

8    to search.

9        h.   Computers:

10            i.   Defendant shall possess and use only those

11   computers and computer-related devices, screen usernames, passwords,

12   email accounts, and internet service providers that have been

13   disclosed to the Probation Officer upon commencement of supervision.

14   Any changes or additions are to be disclosed to the Probation Officer

15   before defendant's first use.  Computers and computer-related devices

16   include personal computers, personal data assistants, internet

17   appliances, electronic games, cellular telephones, and digital

18   storage media, as well as their peripheral equipment, that can

19   access, or can be modified to access, the internet, electronic

20   bulletin boards, and other computers.

21            ii.  All computers, computer-related devices, and

22   their peripheral equipment used by defendant shall be subject to

23   search and seizure.  This shall not apply to items used at the

24   employment's site that are maintained and monitored by the employer.

25            iii. Defendant shall comply with the rules and

26   regulations of the United States Probation Office's Computer

27   Monitoring Program.  Defendant shall pay the cost of the Computer

28

Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

i.    Defendant shall notify the Financial Litigation Section, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement until any criminal debt is paid in full.  Defendant shall further notify the Financial Litigation Section, United States Attorneys' Office before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trust, partnership, and/or corporations.

4.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the violations of 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B), (b)(2), and/or 2422(b), specifically including, but not limited to, the following: (1) Google Pixel 3a XL cellular telephone, bearing International Mobile Equipment Identifier ("IMEI") number 358275095074825; and (2) Samsung SM-A716V cellular telephone, bearing IMEI number 357647730222012.

b.    To forfeit all right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B), (b)(2), and/or 2422(b).

c.   To forfeit all right, title, and interest in any visual depiction involved in violations of 18 U.S.C. §§ 2251(a) or 2252A(a)(5)(B), (b)(2), or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offenses.

d.   To forfeit a sum of money equal to the total value of the property described in subparagraphs (a), (b) and (c) above (collectively, the "Forfeitable Assets"), if such property is not available for forfeiture.

e.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

f.   That the Preliminary Order of Forfeiture shall become final as to defendant upon entry.

g.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

h.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the

11

forfeiture of the Forfeitable Assets.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

    i.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

    j.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

    k.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

    l.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

    m.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

    n.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court

to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

<u>THE USAO'S OBLIGATIONS</u>

5.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence no higher than 180 months' imprisonment in accordance with paragraph 25 of this agreement.  In making a sentencing recommendation of no higher than 180 months' imprisonment, the government may include aggravating information concerning defendant's conduct in this case and/or his personal history and characteristics to support the requested sentence, and to argue against, respond to, and rebut any request or anticipated request by defendant for a sentence lower than the government's recommended sentence.

c.   At the time of sentencing, move to dismiss the remaining counts of the First Superseding Indictment and the underlying Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

13

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

6.    Defendant understands that for defendant to be guilty of the crime charged in Count Three, that is, Use of a Facility of Interstate Commerce to Attempt to Induce a Minor to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b), the following must be true:

a.    On or about August 6, 2020, and continuing through on or about August 21, 2020, defendant used a means or facility of interstate commerce, that is, the Internet and a cellular phone, to knowingly persuade, induce, entice, or coerce an individual to engage in a sexual activity, that is, Lewd and Lascivious Acts Upon a Child Under 14 and Arranging a Meeting with a Minor for Lewd Purposes;

b.    If the sexual activity had occurred, Defendant could have been charged with a criminal offense under the laws of the State of California.  In California, it is a criminal offense for an adult to engage in lewd and lascivious acts with a child under 14 or to arrange a meeting with a minor for lewd purposes;

c.    Defendant believed that the individual he attempted to persuade, induce, entice, or coerce was under the age of 18; and

d.    Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime.

7.    Defendant understands that for defendant to be guilty of the crime charged in Count Five, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), the following must be true:

14

a.   Defendant knowingly possessed matters that defendant knew contained visual depictions of minors, including prepubescent minors and minors under the age of 12, engaged in sexually explicit conduct;

b.   Defendant knew each visual depiction contained in the matters showed minors, including prepubescent minors and minors under the age of 12, engaged in sexually explicit conduct;

c.   Defendant knew that production of such visual depictions involved use of minors, including prepubescent minors and minors under the age of 12, in sexually explicit conduct; and

d.   Each visual depiction had either been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate and foreign commerce, by any means, including a computer.

<u>PENALTIES AND RESTITUTION</u>

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2422(b), is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and mandatory special assessments of $200.

11.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2422(b), is: 120 months' imprisonment; a five-year period of supervised release; and mandatory special assessment of $100.

12.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

13.   Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose an additional special assessment up to $17,000 if the Court concludes that defendant is a non-indigent person (see 18 U.S.C. § 2259A(a)(1)), to be paid after defendant's other financial obligations have been satisfied.

14.   Defendant understands that he will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than

16

those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

15.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

16.  Defendant understands that the Court will also order forfeiture of the Forfeitable Assets.

17.  Defendant understands that by pleading guilty the crimes charged in Count Three and Count Five, upon entry of his guilty pleas, if not already in custody, he is likely to be remanded into custody under 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A), and 3156(a)(4)(C).

18.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

17

the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

19.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

20.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d),

defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  Defendant understands that the requirements for registration may include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student.  Defendant further understands the requirement to keep the registration current including informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status.  Defendant understands that if he possesses a passport, it will be marked with a unique identifier identifying him as a convicted sex offender.  Defendant understands that if he seeks to travel outside the United States, he must notify his residence jurisdiction of his travel at least 21 days before that travel.  Defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment or both.

FACTUAL BASIS

21.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty

1   to the charges described in this agreement and to establish the

2   Sentencing Guidelines factors set forth in paragraph 23 below but is

3   not meant to be a complete recitation of all facts relevant to the

4   underlying criminal conduct or all facts known to either party that

5   relate to that conduct.

6        Between August 6, 2020, and continuing through August 21, 2020,

7   in Riverside County, within the Central District of California, and

8   elsewhere, defendant used the Internet and a cellular phone, which

9   are facilities and means of interstate and foreign commerce, to

10  knowingly attempt to persuade, induce, entice, and coerce a fictional

11  child whom defendant believed to be a twelve-year-old girl named

12  "Destiny."  Defendant intended and attempted to engage in sexual

13  activity with "Destiny" for which a person could be charged with

14  criminal offenses in the State of California, namely, Lewd and

15  Lascivious Acts Upon a Child Under 14, in violation of California

16  Penal Code Section 288(a), and Arranging a Meeting with a Minor for

17  Lewd Purposes, in violation of California Penal Code Section

18  288.4(a)(1).

19       Specifically, on August 6, 2020, defendant contacted "Destiny,"

20  on Kik, an Internet-based social media platform, not knowing that

21  "Destiny" was actually an undercover law enforcement agent posing as

22  a twelve-year-old girl.  Using username "Sedictivesoul38" and account

23  name "Jon Bonds" on Kik, defendant befriended "Destiny" and pursued a

24  relationship with "Destiny" further via TextFree, an Internet-based

25  text messaging application.  During their conversations, "Destiny"

26  repeatedly told defendant that she was twelve years old.

27       On August 11, 2020, defendant asked if "Destiny" had "ever seen

28  a guy naked" and whether she would want to see and touch a naked

20

person.  Defendant asked if she would want to touch him naked in person.  Defendant asked "Destiny" if she had ever masturbated and suggested she "[t]ry sexual things" either alone or with defendant.

On August 17, 2020, "Destiny" reminded defendant she was twelve years old and had never had sex before or seen a naked man in real life.  Defendant persisted, "Would you want to see me naked in person?" and told "Destiny," "I would let you touch anywhere you want."  Defendant then added that he "wouldn't mind seeing" "Destiny" "with clothes and without."  Defendant further encouraged "Destiny" to watch pornography and gave her step-by-step instructions on masturbating.  Defendant told "Destiny": "Touch your thighs going up to your undies / Then start to rub the front of your undies / . . . / Put your fingers between your legs / Rubbing just above the hole / . . . / Rub a little faster / . . . / And around the hole."

On August 20, 2022, defendant told "Destiny" that, as long as "Destiny" wanted it, defendant would want to "kiss and each other naked" and touch "Destiny," and he expressed his desire to touch her genitals and to "put a finger inside" her genitals.  Defendant then asked if he and "Destiny" could meet the next day.  The two agreed to meet around noon the following day.  In the ensuing conversation, defendant told "Destiny" that he would buy a few joints of marijuana to share the next day.  The two then agreed to meet 11:00 a.m. on August 21, 2022, at a Del Taco restaurant located at 10494 Magnolia Avenue, Riverside, California.

On August 21, 2020, defendant drove to Riverside from Los Angeles County to meet with "Destiny" and attempt to engage in lewd and lascivious acts upon "Destiny," whom he believed to be a twelve-year-old, and to meet with "Destiny" for lewd purposes.  That

morning, "Destiny" asked defendant if he would bring a bag of
Skittles candy and Cherry Coke, which he agreed to do.  Defendant was
arrested outside the agreed-upon Del Taco restaurant with a bag of
Skittles, a Coca Cola bottle, and marijuana joints in his car that he
had promised to bring to "Destiny."

When defendant was arrested in Riverside on August 21, 2020,
defendant had a Google Pixel 3a XL cellular telephone bearing
International Mobile Equipment Identifier 358275095074825 ("Google
Pixel phone") and continued to actively use his "sedictivesoul38" Kik
account--both of which defendant used to possess a large volume of
child pornography images and videos.

On August 21, 2020, on his Kik account, defendant knowingly
possessed approximately 71 photos and 550 videos depicting child
pornography, that is, visual depictions of minors, many of whom
defendant knew were prepubescent and under the age of 12, engaging in
sexually explicit conduct, including sexual intercourse,
masturbation, and/or lascivious exhibition of the genitals or pubic
areas of the minors.  Among the child pornography images and videos
that defendant knowingly possessed on Kik were 18 images and 151
videos of previously identified victims.

Four of the child pornography videos that defendant knowingly
possessed on Kik included the following:

(1) a video titled Mpegs/aa6a8d68-5719-40b0-b79f-
fd49795361c1[13881].mpeg, showing a fully nude four- to six-year-old
female child being sexually assaulted by a white male adult with a
fully erect penis;

(2) a video titled Mpegs/0d446ffa-86ba-48c9-aab5-
4507f9f96e73[11225].mpeg, showing an adult male masturbating himself

while touching a 12- to 18-month-old child's mouth with his erect penis eventually inserting his penis into the child's mouth while the child;

(3) a video titled Mpegs/de5e4c42-d44c-4831-884a-81a657853f38[14676].mpeg, showing an adult male masturbating and ejaculating into the mouth of a 12- to 18-month-old child; and

(4) a video titled Mpegs/5bf6fe92-d405-4350-8f40-3a78b0e074b5[12510].mpeg, showing an adult male inserting his erect penis into the anus and vagina of a female child who appears to be 12 to 18 months old.

The child pornography images and videos that defendant possessed on Kik had been transported, including to defendant's Google Pixel phone, through the Internet, a means and facility of interstate commerce.

Also on August 21, 2020, defendant knowingly possessed the Google Pixel phone that contained at least 200 child pornography videos and images, including videos that depicted prepubescent minors and minors younger than twelve years of age engaging in sexually explicit conduct.  Defendant knew that the individuals depicted in the images and videos were minors, many of them prepubescent minors and minors under the age of twelve.  Those images and videos had been transported to the Google Pixel phone through the Internet.

Among the child pornography images and videos that defendant knowingly possessed on his Google Pixel phone on August 21, 2020 were the following:

(1) a video titled 7abb8795-c072-433d-a533-63a8aacc2bf7.mp4, showing a fully nude adult female forcibly holding down a 6- to 8-year-old fully nude female child on her back, while violently

1    inserting an unknown flesh color object into the child's vagina and

2    eventually forcibly orally copulating and digitally penetrating the

3    child;

4         (2) a video titled 201908159513053495156589955443895001.3gp,

5    showing a close-up view of the vagina of, and masturbation by, a

6    fifteen-year-old minor ("Minor Victim 1"), with whom defendant had a

7    text messaging relationship in July and August 2019 and had directed

8    her to produce child pornography videos and images for defendant;

9         (3) an image titled 201908219511441395156641305417

10    Minor Victim 1's fully exposed vagina with her finger touching the

11    vagina; and

12         (4) a video titled 201908219511443795156641310248295001.3gp,

13    showing Minor Victim 1 using her fingers to rub and penetrate her

14    vagina, after which she licks her finger.

15         In addition to the above images and videos, defendant's Google

16    Pixel phone contained evidence of defendant's production of child

17    pornography using Minor Victim 1 on July 28, 2019 and August 7, 2019.

18    On July 28, 2019, through text messages, defendant used, persuaded,

19    induced, and enticed Minor Victim 1, then a fifteen-year-old, to

20    produce at least one child pornography video and two child

21    pornography images of Minor Victim 1 masturbating.  Having been told

22    by Minor Victim 1 that she was a minor and a high school student,

23    defendant knew that Minor Victim 1 was under the age of 18 years in

24    July and August 2019.

25         On July 28, 2019, defendant told Minor Victim 1 to prove that

26    she was sexually aroused "with a picture" and to show him "how wet"

27    she was.  Defendant told Minor Victim 1 he wanted to trade pictures

28    and videos and instructed her to masturbate.  Then, in response to

1  defendant asking her if she had any hair, Minor Victim 1 sent a photo
2  showing her fully exposed vagina, clitoris, and pubic hair.
3  Defendant continued to direct Minor Victim 1 to masturbate: "rub
4  above your shorts"; "put a finger in each hole dirty girl!"; "Is your
5  finger nice n wet?"  In response, Minor Victim 1 sent a close-up
6  photo of her vagina with her fingers touching the vagina.  Defendant
7  pressed Minor Victim 1 to "make it a video" and directed her to moan
8  some more.  In response, Minor Victim 1 sent a video of herself
9  masturbating--rubbing and penetrating her fully exposed vagina with
10  her fingers.
11      On August 7, 2019, using text messaging, defendant told Minor
12  Victim 1 to "spread those sexy legs open" for defendant.  Defendant
13  also asked her, "[l]ick till your clit is swollen and dripping" and
14  told her to take a video for him.  In response, Minor Victim 1 sent a
15  video of herself masturbating, penetrating her vagina with her
16  fingers.
17      By directing Minor Victim 1 to make the videos and images of her
18  masturbating and to send them through text messaging to his Google
19  Pixel phone, on which he had cellular telephone service through
20  Verizon, defendant knew that the child pornography he produced and
21  directed to be produced would be transmitted using the cellular
22  telephone network, a means and facility of interstate commerce.
23                          SENTENCING FACTORS
24      22.  Defendant understands that in determining defendant's
25  sentence the Court is required to calculate the applicable Sentencing
26  Guidelines range and to consider that range, possible departures
27  under the Sentencing Guidelines, and the other sentencing factors set
28  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

23.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. §§ 2G2.1(a), 2G2.2(C) |
| Sexual Act: | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Use of Computer: | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

24.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

25.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant Sentencing Guidelines factors set forth above, an appropriate disposition of this case as it concerns specifically the custodial sentence, supervised release, and mandatory special assessments under 18 U.S.C. § 3013 is that the Court impose a sentence of 144 to 180 months' imprisonment; at least 10 years of supervised release with conditions to be fixed by the Court, which shall include the conditions set forth above in paragraph 3; and $200 in special assessments.  Defendant understands that defendant's sentence will also include determinations concerning restitution, forfeiture of the

Forfeitable Assets, the assessment under the Justice for Victims of Trafficking Act of 2015, the assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, and a fine, among other things.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

26. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel--and if necessary have the Court appoint counsel--at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel--and if necessary have the Court appoint counsel--at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

i.   Further, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

WAIVER OF RETURN OF DIGITAL DATA

27.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

28.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

29.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 210 months, defendant gives up the right to appeal all of the following:

(a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (f) the amount and terms of any restitution order, except that he may appeal the restitution order as to a victim if it exceeds $7,000 as to that victim; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 3 above.

30.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

31.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a total term of imprisonment of no less 144 months' imprisonment, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered for any victim where the amount ordered is less than $3,000 for that victim.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

32.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

33.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both

the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

34.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

35.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

36.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

37.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

38.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 23 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

39.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one--not the prosecutor, defendant's attorney, or the Court--can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

1           NO ADDITIONAL AGREEMENTS

2       40.   Defendant understands that, except as set forth herein,

3   there are no promises, understandings, or agreements between the USAO

4   and defendant or defendant's attorney, and that no additional

5   promise, understanding, or agreement may be entered into unless in a

6   writing signed by all parties or on the record in court.

7           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8       41.   The parties agree that this agreement will be considered

9   part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED:

12  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
13  CALIFORNIA

14  E. MARTIN ESTRADA
    United States Attorney

15

16  _____           November 16, 2022
    KAITLYN B. LASATER
17  Special Assistant U.S. Attorney          Date
    JULIUS J. NAM
18  Assistant U.S. Attorney

19

20  _____           11/16/2022
    MATTHEW JOHN MIECHKOWSKI                  Date
21  Defendant

22

    _____           11/16/22
23  YOUNG J. KIM                              Date
    JELANI J. LINDSEY
24  Deputy Federal Public Defenders
    Attorneys for Defendant
25  MATTHEW JOHN MIECHKOWSKI

26

27

28

                              34

1

<u>CERTIFICATION OF DEFENDANT</u>

2   I have had enough time to review and consider this agreement,
3 and I have carefully and thoroughly discussed every part of it with
4 my attorney.  I understand the terms of this agreement, and I
5 voluntarily agree to those terms.  I have discussed the evidence with
6 my attorney, and my attorney has advised me of my rights, of possible
7 pretrial motions that might be filed, of possible defenses that might
8 be asserted either prior to or at trial, of the sentencing factors
9 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
10 provisions, and of the consequences of entering into this agreement.
11 No promises, inducements, or representations of any kind have been
12 made to me other than those contained in this agreement.  No one has
13 threatened or forced me in any way to enter into this agreement.  I
14 am satisfied with the representation of my attorney in this matter,
15 and I am pleading guilty because I am guilty of the charges and wish
16 to take advantage of the promises set forth in this agreement, and
17 not for any other reason.

18   *Mathew J Miechkowski*                    11/16/2022
19 MATTHEW JOHN MIECHKOWSKI                Date
   Defendant
20

21

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

22   I am MATTHEW JOHN MIECHKOWSKI's attorney.  I have carefully and
23 thoroughly discussed every part of this agreement with my client.
24 Further, I have fully advised my client of his rights, of possible
25 pretrial motions that might be filed, of possible defenses that might
26 be asserted either prior to or at trial, of the sentencing factors
27 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
28 provisions, and of the consequences of entering into this agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     _____11/16/22_____
YOUNG J. KIM                         Date
JELANI J. LINDSEY
Deputy Federal Public Defenders
Attorneys for Defendant
MATTHEW JOHN MIECHKOWSKI

36