E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
TRITIA L. YUEN (Cal. Bar No. 255468)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6222
     Facsimile: (951) 276-6202
     Email:     Tritia.Yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 22-00056-RGK |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING POSITION REGARDING DEFENDANT MATTHEW JOHN MIECHKOWSKI |
| v. | |
| MATTHEW JOHN MIECHKOWSKI, | Sentencing Date: July 10, 2023 |
| Defendant. | Sentencing Time: 10:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Tritia L. Yuen, hereby files its Sentencing Position Regarding Defendant Matthew John Miechkowski.

The United States' Sentencing Position is based on the attached memorandum of points and authorities, the United States Probation and Pretrial Services Office's Presentence Report ("PSR"), the record of the proceedings in this case, and any further evidence and argument that the Court may permit.  The United States respectfully requests

the opportunity to supplement this Sentencing Position or to respond to defendant or the Probation Office as may be come necessary.

Dated: June 26, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

  /s/ *Tritia L. Yuen*
TRITIA L. YUEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant Matthew John Miechkowski ("defendant") used Kik, an Internet-based social media platform, and TextFree, and Internet-based text messaging application, to communicate with a fictional child, whom defendant believed to be a twelve-year-old girl named "Destiny."  Plea Agreement ("PA") (Docket No. 51) ¶ 21; PSR (Docket No. 62) ¶ 16).  In fact, "Destiny" was an undercover officer posing as a twelve-year-old girl.  PSR ¶ 16.  Defendant encouraged her to "[t]ry sexual things" alone or with him, and to watch pornography.  Id. ¶¶ 17, 18.  He also gave her step-by-step instructions on how to masturbate.  Id. ¶ 18.  Despite "Destiny" repeatedly telling defendant that she was only twelve years old, defendant arranged to meet her in person so that they could "kiss and [see] each other naked."  PSR ¶ 16.  He also expressed his desire to touch her genitals and to "put a finger inside" her genitals."  Id.  For the meeting, "Destiny" asked defendant to bring her a bag of Skittles candy and a Cherry Coke, which he agreed to do.  Id. ¶ 20.  On August 21, 2020, he was arrested on his way to meet "Destiny" at their agreed-upon location, with Skittles, a bottle of Coca Cola, and marijuana in his vehicle.  PSR ¶ 20.

In addition, defendant possessed 71 photos and 550 videos of child pornography on his Kik account.  PSR ¶ 22.  His collection included depictions of prepubescent minors and minors under the age of 12.  PSR ¶ 22.

For this conduct, defendant pleaded guilty to Count Three, which charges Use of a Facility of Interstate Commerce to Attempt to Induce a Minor to Engage in Criminal Sexual Activity, in violation of 18

U.S.C. § 2422(b), and Count Five, which charges Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), in the First Superseding Indictment. (Docket No. 61.)

On January 23, 2023, the United States Probation and Pretrial Services Office ("USPO") disclosed defendant's PSR. (Docket No. 62.) According to the USPO, defendant's Total Offense Level is 41 and his Criminal History Category is I, which results in an advisory Guidelines range of 324-405 months. (PSR ¶¶ 69, 76, 125.) Defendant has agreed to recommend that the Court impose a sentence no lower than 144 months' imprisonment and a term of supervised release of no less than ten years. (PA ¶¶ 2(c), 2(p).) The United States has agreed to recommend a sentence of no higher than 180 months' imprisonment. (PA ¶ 5(b).)

The United States concurs with the USPO's calculation of the total offense level and criminal history category, and respectfully requests that the Court impose a below the Guideline-range sentence of 180 months' imprisonment, to be followed by 30 years of supervised release, $200 in mandatory special assessments, $5,000 in special assessment pursuant to the Justice for Victims of Trafficking Act of 2015 if the Court concludes that defendant is a non-indigent person, and a special assessment up to $35,000 pursuant to 18 U.S.C. § 2259. Furthermore, defendant should be ordered to pay restitution, pursuant to 18 U.S.C. § 3664(d)(5).[1]

**II.  STATEMENT OF FACTS**

In August 2020, an investigator with the Riverside County District Attorney's Office conducted undercover conversations on Kik,

---

[1] The parties are still negotiating the proper amount of restitution.

2

a social medial platform that allows users to chat with each other in both public chatroom and private direct messages.  On August 6, 2020, the investigator received an unsolicited direct message from the defendant, who used the screen name "Jon Bonds" and username "Sedictivesoul38."  (PSR ¶ 16.)  The investigator represented that he was a 12-year-old girl named "Destiny."  (Id.)  Between August 6 and 21, defendant and "Destiny" communicated by text.  Defendant asked "Destiny" if she had "ever seen a guy naked" and if she wanted to try "[s]exual things" alone or with him.  (PSR ¶ 17.)  Defendant asked "Destiny" if she wanted to see him naked or to touch him in person.  (PSR ¶ 18.)  Defendant also encouraged "Destiny" to watch pornography and gave her instructions on how to masturbate.  (PSR ¶ 18.)  On August 20, 2020, after expressing a desire to touch her genitals and "put a finger inside" her genitals, defendant asked "Destiny" to meet with him in person the next day.  (PSR ¶ 19.)  They agreed to meet at a Del Taco restaurant in Riverside, California.  (Id.)  Defendant told "Destiny" that he would buy a few joints of marijuana for them to share the next day.  (Id.)

On the morning of August 21, 2020, "Destiny" asked defendant to bring a bag of Skittles candy and a Cherry Coke to their meeting.  (PSR ¶ 20.)  Defendant agreed.  (Id.)  Law enforcement officers arrested defendant outside the agreed-to meeting place, and found a bag of Skittles, a bottle of Coca Cola, and marijuana joints in defendant's vehicle.  (Id.)

**III.    GUIDELINES CALCULATIONS**

The United States agrees with the USPO that defendant's properly calculated Criminal History Category is I.  (PSR ¶¶ 75-76.)

For Count Three, the base offense level is 28 (U.S.S.G. § 2G1.3(a)(3)).  With a two-level adjustment for use of computer (U.S.S.G. § 2G1.3(b)(3)(B)), the adjusted offense level is 30.  (PSR ¶¶ 38-46.)  For Count Five, the base offense level is 32 (U.S.S.G. §§ 2G2.1(a), 2G2.2(c)(1)).  With a two-level adjustment for a minor between the ages of 12 and 16 (U.S.S.G. § 2G2.1(b)(1)(B)), a two-level adjustment for commission of a sexual act (U.S.S.G. § 2G2.1(b)(2)(A)), and a two-level adjustment for use of a computer (U.S.S.G. § 2G2.1(b)(6)(B)), the adjusted offense level is 38.  (PSR ¶¶ 47-58.)  Applying a multiple count adjustment, the Combined Adjusted Offense Level is 39.  (PSR ¶¶ 59-62.)  Following a five-level increase for Pattern of Activity of Prohibited Sexual Conduct, the Adjusted Offense Level is 44.  (PSR ¶¶ 62-66.)  With acceptance of responsibility, the Total Offense Level is 41.  (PSR ¶¶ 67-69.)  At CHC I, the resulting guidelines range is 324-405 months.  (PSR ¶ 125.)

**IV. ASSESSMENT OF THE SECTION 3553(a) FACTORS AND THE UNITED STATES' SENTENCING POSITION**

Here, a sentence of 180 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  The nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted disparities, all support a sentence of 180 months, and no less, in this case.[2]

---

[2] Any information or argument contained in this sentencing position of an aggravating nature is included solely to support the recommended term of imprisonment of 180 months, and to argue against, respond to, and rebut defendant's anticipated request for a sentence lower than the 180 months' imprisonment.

4

### A. A Downward Variance is Appropriate Considering Defendant's Personal History and Characteristics

In mitigation, defendant has accepted responsibility for his conduct and his criminal history is limited to infraction-level driving offenses. The United States notes that defendant grew up in a "close" family with "accepting" parents, and continues to be close to them, talking with them "every chance [they] get." (PSR ¶¶ 85-86, 94). Thus, it appears that he will have a support network when he completes the custodial portion of his sentence.

On balance, the United States respectfully submits that a below Guidelines sentence of 180 months is appropriate, based on balancing the nature of the conduct and defendant's background, among other § 3553(a) factors.

### B. Supervised Release

The Court should impose supervised release for 30 years for several reasons.[3] First, the Crime Victims' Rights Act guarantees the "right to full and timely restitution." 18 U.S.C. § 3771(a)(6). Because financial obligations will be imposed in this case, terms of supervision concerning repayment should exist for a sufficient amount of time to reasonably ensure full and timely repayment. Second, recidivism is a concern. Congress explained when amending 18 U.S.C. § 3583 that "[s]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes. Moreover, the recidivism rates do not appreciably decline as offenders age . . . . While any criminal's subsequent re-offending is of public concern, preventing sexual offenders from re-offending

---

[3] As noted, defendant has agreed that supervised release should be no less than 10 years. (PA ¶ 2(p).)

5

is particularly important, given the irrefutable and irreparable harm that these offenses cause victims and the fear they generate in the community." H.R. Rep. 107-527. There is a significant risk that defendant will reoffend when compared to a non-sex offender.

To be sure, Congress specifically intended for the term of supervised release for sexual offenses to be longer than other felonies. See 18 U.S.C. § 3583(k) (maximum term of supervised release for various sex offenses, including violations of 18 U.S.C. § 2252A, is life, with a mandatory minimum term of five years). Congress's intent is similarly reflected in the policy statements by the United States Sentencing Commission. See Id. § 3553(a)(5) (requiring consideration of "any pertinent policy statement . . . issued by the Sentencing Commission"). The Court should impose 30 years of supervised release.

**V. RESTITUTION**

As noted by the USPO, 18 U.S.C. § 2259 prescribes mandatory victim restitution for defendant's crimes of conviction (as does USSG § 5E1.1). The United States will confer with the defense concerning whether the parties can reach a stipulation as to restitution. The United States will file briefing on this issue in the event the parties are not able to come to a stipulated total.

**VI. CONCLUSION**

For the foregoing reasons, the United States respectfully submits that defendant should be sentenced to 180 months in custody, followed by 30 years of supervised release, with a $200 mandatory assessment, $5,000 in special assessment pursuant to the Justice for Victims of Trafficking Act of 2015 if the Court concludes that

6

defendant is a non-indigent person, a special assessment up to $35,000 pursuant to 18 U.S.C. § 2259A, and restitution (as will be addressed in a later filing).

This sentence is appropriate and warranted based on the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted disparities.

**CERTIFICATE OF SERVICE**

I, Rae Costa, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **UNITED STATES' SENTENCING POSITION REGARDING DEFENDANT MATTHEW JOHN MIECHKOWSKI; EXHIBITS 1-9**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By email delivery, as follows: **SEE ATTACHED**

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **June 26, 2023**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

/s/
Rae Costa
Legal Assistant

**ATTACHMENT**

USPO Officer Shani Kochav
Shani_Kochav@cacp.uscourts.gov