E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
TRITIA L. YUEN (Cal. Bar No. 255468
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6222
    Facsimile: (951) 276-6202
    Email:    Tritia.Yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 22-00056-RGK |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL SENTENCING INFORMATION; DECL. OF TRITIA L. YUEN; EXHIBITS 1-9 |
| v. | |
| MATTHEW JOHN MIECHKOWSKI, | Sentencing Date: July 10, 2023 Sentencing Time: 10:00 a.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Tritia L. Yuen, hereby files the declaration of Tritia L. Yuen, with attached

//

//

Exhibits 1-9, which are Victim Impact Statements for the above-captioned case.

Dated: July 6, 2023                    Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       SEAN D. PETERSON
                                       Assistant United States Attorney
                                       Chief, Riverside Branch Office


                                            /s/ *Tritia L. Yuen*
                                       TRITIA L. YUEN
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

1

## DECLARATION OF TRITIA L. YUEN

2    I, Tritia L. Yuen, declare as follows:

3    1.    I am an Assistant United States Attorney in the United

4    States Attorney's Office for the Central District of California.  I

5    am the attorney representing the United States in the prosecution of

6    United States v. Michael John Miechkowski, ED CR 22-00056-RGK.

7    2.    Attached as Exhibit 1 to this declaration is a victim

8    impact statement and restitution request submitted by the victim from

9    the "ZooFamily1" series.

10   3.    Attached as Exhibit 2 to this declaration is a victim

11   impact statement and restitution request submitted by "April" from

12   the "Aprilblonde" series.

13   4.    Attached as Exhibit 3 to this declaration is a victim

14   impact statement and restitution request submitted by "Violet" from

15   the "At School" series.

16   5.    Attached as Exhibit 4 to this declaration is a victim

17   impact statement and restitution request submitted by "Maria" from

18   the "Best Necklace" series.

19   6.    Attached as Exhibit 5 to this declaration is a victim

20   impact statements submitted by "Jane" from the "Cinder Block Blue"

21   series.

22   7.    Attached as Exhibit 6 to this declaration is a victim

23   impact statements submitted by "Sarah" from the "Marinland1" series.

24   8.    Attached as Exhibit 7 to this declaration is a victim

25   impact statements submitted by "Pia" from the "Sweet White Sugar

26   Series" series.

27

28

9.   Attached as Exhibit 8 to this declaration is a victim impact statements submitted by the victim from the "Leopard Tight" series.

10.   Attached as Exhibit 9 to this declaration is a victim impact statements submitted by "Vicky" from the "Vicky" series.

11.   Attached as Exhibit 10 to this declaration is a victim impact statements submitted by the victim from the "Mother Full 20121" series.

12.   Attached as Exhibit 11 to this declaration is a victim impact statements submitted by "Tara" from the "Tara" series.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Riverside, California, on July 6, 2023.

_____
TRITIA L. YUEN

2

Exhibit 1

Case Name:   U.S. v.  MATTHEW MIECHKOWSKI                    Conviction Date:   11/22/2022

Docket#:   22-CR-56                                         Request Date:   06/29/2023
Zoo Family1

<u>Guidance for Use of Victim Impact Statement</u>

      Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

      If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

      Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

      To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1.    When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2.    Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a)    Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3.    The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a)    The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b)    Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c)    Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d)    The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4.    When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a)    obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b)    obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c)    Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: | 22-CR-56 | Request Date: | 06/29/2023 |
| Zoo Family1 | | | |

### Series Disclaimer: ZooFamily1

Current as of March 21, 2023

**ZooFamily1 Series – Restitution Request and Victim Impact Statement**

The victim in the ZooFamily1 series is represented by Attorney Sarah Dohoney Byrne, Moore & Van Allen PLLC. For questions regarding requested restitution please contact CSAM@mvalaw.com. If restitution is ordered for this victim, payments should be made payable to "Moore & Van Allen in trust for Ali of ZooFamily1" and sent to:

Moore & Van Allen PLLC
Attn: Sarah Byrne/049549.1
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202

Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:       11/22/2022

Docket#:        22-CR-56
Zoo Family1

Request Date:          06/29/2023

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56

Request Date:      06/29/2023

Zoo Family1

**Victim Impact Statement**

I don't remember everything that happened to me.  But I do know I was molested by a lot of men for three years and that there are images of it on the internet.  I am scared of that because I look similar to when that happened so it would not be hard to put my face together with those images.

The ongoing harm of what happened to me impacts me every single day.  I cry multiple times a day and it's exhausting. I feel like everything in life in pointless.  I am just existing.

I have horrible insomnia and anxiety.  My mind goes blank a lot during the day.  I often sit and stare and I can't hear anything.  I am easily angered and certain sounds like voices, door slamming, wind blowing, and hairdryers, and certain smells really bother me.  I am overwhelmed with emotion, anger and sadness, every day.

I have a constant fear of disappointing people or thinking they are angry with me.  I will do anything and everything for validation from everyone in my life. I know this comes from what happened to me.  I feel like there are so many things wrong with me and I know it comes from this on-going nightmare.

I can't trust anyone because of all this.  I can't open up to people and I can never tell anyone anything.  I am afraid people will think I am crazy.  I don't feel close to anybody.  I don't think I'll be able to get married because of all this.  I don't like men.  I never want semen inside of me, so I guess that means I won't have children.

I am so angry that the images are out there and can't be taken down.  I feel like the images will always be out there.  I think I am too broken to be fixed.

<?end body?>

Exhibit 2

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: | 22-CR-56 | Request Date: | 06/29/2023 |
| AprilBlonde (April) | | | |

### Guidance for Use of Victim Impact Statement

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2. Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    U.S. v.  MATTHEW          Conviction Date:      11/22/2022
MIECHKOWSKI

Docket#:       22-CR-56                  Request Date:         06/29/2023
AprilBlonde (April)

### 'AprilBlond' Victim Impact Statement/November 2020

Being a teenager is hard no matter what. But because I had to live with a messed up person who abused me and put my abuse on the internet, my life will always be more challenging. I want to be a normal teenager and it makes me feel angry and violated that I can't.

I have to feel afraid to have a social media profile picture of myself due to fears of being recognized. I am afraid that pedophiles who look at the images of my abuse could try to find me and hurt me or my family. As a victim, it is my right to be notified each time an image of my abuse is viewed. My mom received 22,000 notifications and I had to stop the notifications because it made me have panic attacks. It also makes me feel weird, uncomfortable, anxious, and sad. It's hard to imagine 22,000 people have seen or shared images of my abuse. It makes me sick to think about how many people there are in the world who don't care they are supporting child abuse.

It is difficult to trust people because I wonder if they have seen the images of my child abuse and are a pedophile. I get nervous when a person looks at me too long or just more than a passing glance. I wonder if they are putting together who I am from an image they saw on the internet. I feel scared, anxious, and angry I could be abused again if a person recognizes me who saw the images of my abuse. I have had to go to therapy to learn to talk about what happened. I might have to continue going for the rest of my life because the images will always be there. It's hard to trust people  and when I'm older and want to get married it might be hard to feel close to someone. I hope to have children when I'm an adult. I know I will be very over protective, paranoid, and struggle to let them be independent because I fear they will be abused. Instead of those years happy, they could be really hard for me and I might have to get help to deal with those feelings.

As a child I didn't have a choice what happened to me. Now, I have to suffer twice;  the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible. It's impossible to cope with and accept that I have to live with the images of my abuse being available on the internet indefinitely. These images will live on the internet longer than I will live. It's very possible I could have to go to therapy for the rest of my life because of this. If the feelings get too bad, I could have to take medication to help.

I can't get support from my close friends and family about my feelings because I'm paranoid and anxious that if I tell them, they will go to the internet and try to find and look at the images. It feels like nobody knows how I feel. A coping skill is supposed to make a person feel better. It's hard to feel better about knowing I can't do anything about the images of my abuse being put on the internet and people using those images.

Exhibit 3

Case Name:    U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
At School (Violet)

Request Date:    06/29/2023

## Guidance for Use of Victim Impact Statement

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1.    When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2.    Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    a)    Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3.    The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a)    The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b)    Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c)    Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.

    d)    The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4.    When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a)    obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b)    obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c)    Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
At School (Violet)

Request Date:    06/29/2023

**Victim Impact Statement for "Violet"**

      The following statement cannot begin to cover the totality of the impact the heinous act(s) against our daughter. She is given a "Life" sentence by the people who have downloaded her images of her sexual abuse. She will forever have the stigma and branding of someone's sexual object of pleasure. The lifelong impacts for our daughter are tragic and we are afraid for her future well-being.

      For four long years, our daughters' sexual abuse was recorded on camera and subsequently distributed over the internet. Files were uploaded to secret hiding places where only other sexual abusers know about. The secret vault that caters to child pornography. Today's Information Age of Technology where most people benefit from such advances, has and will become even more so, a living hell for our daughter. As we all know, once something is posted over the World Wide Web, it cannot be taken back.

      The despicable images and videos will forever be available to a person who seeks and finds pleasure in abusing children. Thousands upon thousands of people, all over the world have access to images of our little girl during her darkest days, to do so as they wish with those images. A person can download her image, create their own child pornography movie, share it with other monsters, or keep it for themselves to continuously exploit our daughter in their own private bedroom. Our daughter is a child whom does not deserve to be exploited day after day by everyone that has these images of her. She unjustly has a lifelong sentence of abuse and exploitation.

      As our daughter grows up, and comes to realize the impacts of the sexual abuse and the methodology used in its perpetration, her adjustment into society with these torrid past experiences will be monumental. It will be an ongoing lifelong

1

Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:          11/22/2022

Docket#:        22-CR-56
At School (Violet)

Request Date:             06/29/2023

process for her. To reiterate, her sentence is for "LIFE". The awareness that her
sexual abuse is memorialized via the internet and will forever be devastating.
Although she is a child, it won't be long until she learns and realizes that thousands
of people, all over the world can view her sexual images as long as they wish. She
has no control of the circulation of those horrid videos. This is a tragedy. Our
daughter will always be a victim each time another monster "enjoys" her videos.
Again, this is a horrible tragedy, and leaves us helpless because there is nothing we
can do to stop the distribution of such images.

　　　　Our daughter is bright, inquisitive and has a heart of gold. She dreams of
being a school teacher, perhaps to help and educate kids who have experienced
similar abuses as her. Our daughter has natural athletic abilities and is a fantastic
soccer and basketball player. As her parents, we are committed to showing her
what typical loving family life is like; most definitely a life without ongoing sexual
abuse.

　　　　Knowing that people all over the world can continue to exploit her is the
deepest concern. We dread the day we must tell her the abuse was videotaped
and distributed all over the internet. Once she fully comprehends how her
suffered abuse has been spread around the internet for others to "enjoy", it will
shatter her soul. I repeat, we are afraid for her physical and mental health. While
out shopping or eating at a restaurant, we are constantly worried and afraid one
of these online monsters would recognize her from videos. If she is recognized,
what stops them from approaching her, or possibly intending to kidnap her? As
her mother, this is my worst fear. As she grows older and matures, the images of
her abuse remain stagnant in a creepers mind. Once she, herself realizes the
impact of her abuse there is no telling how she would react.

2

Case Name:     U.S. v. MATTHEW
MIECHKOWSKI

Docket#:        22-CR-56
At School (Violet)

Conviction Date:        11/22/2022

Request Date:        06/29/2023

One can only imagine she has the potential to feel violated all over again, she might feel ashamed or embarrassed; she may constantly be distracted, she may even feel the abuse was her fault.  Adding to these feelings, knowing that she wouldn't be able to take down her online images, would be extremely painful and unnerving. She would feel helpless. As she becomes an adult and becomes more involved in society, how will her childhood abuse and continued exploitation affect her? At this time, we are carefully and constantly monitoring her for adverse signs of the abuse. She is being monitored by a counselor in hopes to become and remain successful in the healing process. There is no telling how much counseling she will need. The sexual abuse act itself is one aspect to heal from, but the more challenging aspect is the simple fact that her abuse is forever available online.

Any person(s) caught with sexual images of our daughter deserves the most severe punishment allowed by the courts. By having our daughters' sexual abuse images online, monsters will continue to exploit her, leaving her with a tremendous amount of pain to deal with. Those individuals must be held accountable for their actions. Our daughter has a "Life" long sentence of victimization and she will need help to recover from the trauma.

I swear and affirm under penalty of perjury that the above statement is true.

Date: _March 28, 2019_

Signature

Mother of "Violet"

3

Exhibit 4

Case Name:   U.S. v.  MATTHEW MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Best Necklace (Maria)

Request Date:   06/29/2023

<u>Guidance for Use of Victim Impact Statement</u>

  Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

  If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

  Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

  To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1.  When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2.  Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
  a)  Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3.  The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
  a)  The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
  b)  Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
  c)  Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
  d)  The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4.  When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
  a)  obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
  b)  obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
  c)  Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56

Request Date:        06/29/2023

Best Necklace (Maria)

Victim Impact Statement for Maria
By her Mother

December 20, 2021

Dear Judge:

It's been 5 years since our lives has changed. I wish I knew ahead of time and could have done everything to prevent it. I have and will have a guilt trip for the rest of my life, and feel responsible for what happened to my daughter. I know that it will haunt her and us and always be out there on the internet and there is nothing that can fix it.

Being 24/7 a full time mom with 3 kids, plus full time job and being single mom, it had slipped past me and I had no idea what was going on, even though my daughter was always near with me, at home, at work, on trips. I didn't know at that point what was going on with her screen, and that she got trapped in it, and needed help at some point.   She didn't ask for help and someone was playing and manipulating my child. And now she is in danger, she isn't safe, she doesn't realize it now, but I am afraid that one day she will understand, and this is the scariest moments., as I don't know how she will take it, whether she will harm herself or somehow find the strength to deal with it.

At this point, I'm trying to figure out how we can live with it, since it's not going anywhere, and will follow us like a shadow. These images haunt her. She avoids any conversations about it. She doesn't want to talk about it, and wants to hide her head in the sand.

The first time I received an email with a video/picture collage showing sexual images of my daughter, I was speechless, shocked, as it was first time for me to see it. I couldn't believe what I saw. I didn't know how to deal with it; I know that she didn't do it on her own, she was a child , she played dolls and legos…It didn't fit in my understanding, and I couldn't process it.  Just the thought that these images are around the world is shocking, disappointing, makes me sick just to imagine that these images are on sale, or for trade,  circulating from one person to another pedophile.  I feel hopeless and helpless because I can't do anything about it to stop the spread, and neither can anyone else

The most important thing is the mental and physical wellbeing of my daughter. The presence of her sexual images being online has had a huge effect on her life, on her dreams on everything. She is very talented child who had dreams of singing, acting,

Case Name:      U.S. v.  MATTHEW        Conviction Date:      11/22/2022
MIECHKOWSKI

Docket#:        22-CR-56              Request Date:         06/29/2023
Best Necklace (Maria)

performing, and playing sports.  It is all shattered now.  She is withdrawn; she seems
afraid to go out in the world now.

It's like telling an artist that you can't draw anymore, or telling a singer you can't
sing anymore, or telling an athlete you can't exercise anymore-- you will get a
depressed person who won't know where she belongs. This is what has happened to
her.  She will become lost…I wish I knew how, I wish I could stop and reverse the
history.

Ones she was told by some of her friends that they got an anonymous message
"re :images."  She told them not to open, that the account was hacked. Luckily, they
didn't, but she had so much stress and anxiety, she was practically unable to do
anything about worry about her friends seeing the images. I felt helpless to help her
through it. She withdraws and doesn't want to talk about any of it.  I believe it is a very
scary place for her to consider these things.  She has nightmares where someone is
chasing her and she is dying.  I try to redirect her thoughts, but it is so difficult, both for
her to calm down and for me to watch her go through this.

At one point she wrote something on social media that brought the police to our
house at night telling me she was suicidal.  They insisted on talking to her without me
present.  They wanted to take her away in the middle of the night and for her to see a
psychiatrist.

On another occasion I had some random woman contacted me on the Telegram
app, insulting and accusing me of how can I allow my daughter to make such pictures. I
understand that is not the end of it, and this will go on as long as her pictures are on the
internet.  We just need to learn how to live with this constant assault upon our family.

We moved from one state far away to another state, to escape the new reality we
were living in.  She was only 12 and this was so hard for her, especially the first
year.  She was uprooted from all her friends and everything she had known. We had
ups and downs like a roller coaster.  I grew a lot of grey hairs in the process.  I had to
completely re-establish my business and this was scary out of concern for supporting
her and our family. After a few years she has built some new relationships, has some
activities in school, but we cannot let her do all she wants to.

Even though we have moved as far away as we felt we could—across the
country—still this  follows you.  It doesn't matter where you are. Due to nature of my
work I need to have social media for my business, and I have thought to completely quit
it, even for work. I am afraid of the pedophiles who look for child pornography finding my

Case Name:      U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56

Request Date:       06/29/2023

Best Necklace (Maria)

daughter.  We didn't think this would follow her, but we posted just a head shot of her on
my work social media page and I got an email with a collage of my daughter's child
pornography pictures.  I gave law enforcement my whole account. It is just appalling.
Since then I don't post any pictures of my children; I have quit all personal social media
and don't let her have any at all. I am paranoid about someone—our friends or family--
taking pictures of us and posting them. I feel unsafe and worried for my daughter all the
time.

My daughter cannot focus on her schoolwork.  She no longer takes part in the
social and athletic activities at school.  I know she needs to participate in these school
activities in order to succeed and I worry a lot about her future.  I worry about how she
will do in school as she matures.  She needs help.  I ask you to do whatever you can to
make these people stop trading her pictures, and to take them off the internet so my
daughter can live a normal life and become all that she can be.  The sick people who
like to look at these things need to be punished and to know ahead of time they will be
punished if they download her pictures.

Thank you for considering how badly this has hurt my daughter.

██████████████████████
Mother of Maria

Exhibit 5

| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: | 22-CR-56 CinderBlockBlue (Jane) | Request Date: | 06/29/2023 |

<u>Guidance for Use of Victim Impact Statement</u>

     Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

     If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

     Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

     To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2. Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
CinderBlockBlue (Jane)

Request Date:    06/29/2023

**Victim Impact Statement**
Jane – Victim in the *"Cinder Block Blue child pornography series"*
February 8, 2015

<u>Question:  How has the sexual abuse that you suffered impacted you?</u>
I have lots of hatred toward my father.  If I could, I would hurt him just as much as he hurt me.
He is still causing me pain.  It is still affecting me.  I have a lot of anger.  There are so many
things to be angry at in the world.  I didn't used to be like this, I used to be shy and calm.  I have
intense emotions, I feel angry or sad, and it is hard to calm down.  The sadness is terrible in
intensity because I won't stop crying and the anger is really bad too. I feel hopeless, like nothing
is going to get better.

The abuse made me more fearful of the outside world.  I'm definitely a more nervous person
than I used to be.  Everything makes me nervous.  I walk into a room and I'm really nervous.  I
always feel like something is going to happen.  I get this terrible feeling.

I'm definitely not as social.  I have terrible trust issues.  I'm really different around guys.  I
cannot have a guy doctor.  I just get really nervous and stuff.  It took me way longer than a
normal person to get along with my stepdad. I still don't call him Dad.  It is kind of a, not
a good word anymore.

I feel annoyed about others knowing.  Because one person knows it could become a big spiral of
everyone knowing.  I don't tell everyone, only [two friends].  I'm hoping to keep it that way.

I'm kind of fearful of any sort of violence.  Like if you lift a hand or look like you are mad, it
freaks me out.

All the marijuana he gave me, I think damaged my brain.  I have such horrible memories from it.

I don't want him to ever get out of jail and come and try to find me.

<u>Question:  How has the existence of the images and videos of the sexual abuse impacted you?</u>
I know there are like hundreds of pictures and videos on several websites.  Other people post
them, they are probably everywhere by now.  It is all across the country and probably in different
countries too.  I know you can't delete them.  It just makes me like freaked out and I know it is
never going to stop.  It is just going to keep on.  I'm sure most of them are passing it on to other
people.  People are going to come across it more frequently.  They tell their friends and their
friends see me.

Knowing people are watching what happened gives me a mix of anxiety, sadness, anger and it
disgusts me.  If they see a video of me, they know everything that went on.  It doesn't help with
my fear at all.  If it wasn't out there, I wouldn't be as fearful as I am now.

It scares me. I'm definitely afraid of running across someone who has seen them and recognizes
me.  I know for sure I'll run into people who have seen them.  It gives a more likely chance I'm
going to run into someone and get raped and stuff because someone recognizes me.  I would not

Case Name:      U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56
CinderBlockBlue (Jane)

Request Date:       06/29/2023

feel safe if they approached me. I don't feel safe when I am by myself. If I am alone I will be carrying a lot of pepper spray.

I'm always in the midst of someone who has seen the videos. Like in this town. I feel self-conscious. It freaks me out and makes me want to hide myself. I know it is definitely going to affect my social life. If I ever run into someone like that it will make me even more distrustful than I am. Even the thought of it makes me just want to stay inside and not come out and see the outside world.

I feel terrible about being a part of it. I feel guilty even if I didn't do anything. If anyone sees them they'll think I did it for the fun of it, like I actually liked it. The people that watch it, I'm sure they get off on it and like to think that I liked it. But he always made me be good for the videos. It could just give more hope to them because they could say, "Oh, they made so many videos. I'll be able to do that." They'll probably get off on it and stuff and do that to their kids.

Question:  How do you think the existence of the images and videos of the sexual abuse will impact your future?
It doesn't give me a very bright future. I don't see myself ever getting a husband. I'm just attracted to not all that good people. I don't see myself having children. I don't want kids because I'm just so fearful of something happening to them, like a school shooting, rape, or their dad ends up being a psycho. I see a lonely future.

I don't think I'm going to make it very far, like the social problems I have. Like I'm going to walk into a job and not to talk to anyone. When I first went to school I thought about kids going on the Internet and knowing who I am. I fear that I'd get weird looks and I wouldn't make friends easily. I like being accepted by people and that would definitely not help. There are some jerks out there that would bully you about it.

I always wanted to be more famous, to be a famous animator. I know that will never happen to me. It would come out, the whole world would know. Even not being famous, it could still get out there. One person could tell another and it goes on and on and the whole town knows. It is what happened in [the town where I lived], it happened there. What is to stop them from telling a person in another town?

Question:  How long do you think your problems will last?
Up until my 40s or 50s or something.

Exhibit 6

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: Marineland1 | 22-CR-56 | Request Date: | 06/29/2023 |

<u>Guidance for Use of Victim Impact Statement</u>

 Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

 If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

 Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

 To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2. Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:   U.S. v. MATTHEW MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56 Marineland1

Request Date:   06/29/2023

## VICTIM IMPACT STATEMENT

I am writing to tell you what it is like for me to know that pictures of what my father did to me are on the internet. I am told that there is a known group of my pictures that is labeled the ███████series. My natural father sexually molested me when I was a child. First he woke me up at 3-5:00 in the morning on school nights to take pictures. First the pictures were of me with my clothes on, then he made me take my clothes off for the pictures. Then he made me look at pictures of other people—men and little girls —who had their clothes off. He said it would give me ideas. As things progressed he started molesting me and taking pictures of me in more  and more private and uncomfortable poses.   He molested me with his own body parts and sometimes with a vibrator.  He took many pictures and I know now that he sent those pictures to his . "friends" and many other people on the internet.

My father is now in jail and will be for a long time. And I am not a child anymore.  But I worry that the people he sent my pictures to will come after me and try to do the same things to me again.  I worry that the pictures of me and what he did have been passed on and on and on to many other pedophiles and any one of them or more could be in my neighborhood or at the store I go to or anywhere around me.  I don't go out of my house unless I have a friend with me I really trust.

I am afraid that someone from the police will call and tell me that they found more pictures on other people's computers.  Every time someone else sees pictures or videos of me it feels like they are the ones who hurt me to begin with.  It feels like they are the ones who did this to me, like they are my father and they just want to use me for their own pleasure.  It is like I am just here for other people's pleasure and am not a person myself with my own wants and needs.  If you are looking at pictures or videos of me, or any other child for that matter, then you are hurting every one that you look at.  Anyone who looks at those horrible pictures of me or other children are abusing us.  Anyone who looks is keeping my pain going for the rest of my life. I cry at night because of this. Even though I don't know the names of all of them, I know that they are out there and I am afraid that they are all around me.  My fear keeps me from doing things that other girls my age could normally do, like go to school or have a job or be social with more than just the very small number of people that I really trust.

I need help.  I have never been able to have any counseling or therapy or someone to talk to to help me deal with my fears and nightmares and my problems in getting along in life.  I have medical conditions too, and the stress I have from my fears makes my pain worse. I am only able to work in things I can do at home, like child care.  I would love to have a daycare business, but my medical conditions are so  much worse due to my stress that I cannot work and have had to give up caring for the children that did come to me.

I ask that the judge who sentences anyone who is convicted of having or trading my pictures make that person contribute to the costs of a counselor for me.  I am told that a

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Marineland1

Request Date:    06/29/2023

good counselor for the problems I have will cost at least $100 every time I see her.  I
would like to be able to do this so that I can get the help I need to get on with my life.  I
have no ability to pay for any counseling costs.  I have no job, but would like to have
one.   I hope that the court will help me by granting me restitution from the people who
have and trade my pictures.

DATE: 5 - 30 -14

Exhibit 7

Case Name:   U.S. v. MATTHEW MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Sweet White Sugar (Pia)

Request Date:   06/29/2023

<u>Guidance for Use of Victim Impact Statement</u>

      Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

      If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

      Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

      To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1.     When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2.     Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a)     Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3.     The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a)     The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b)     Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c)     Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d)     The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4.     When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a)     obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b)     obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c)     Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:   U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Sweet White Sugar (Pia)

Request Date:   06/29/2023

VICTIM IMPACT STATEMENT

BY PIA'S MOTHER

"SWEET SUGAR" VICTIM

Regarding my daughter:

How has this crime affected my child's general well being? A crime of this magnitude
has had an enormous emotional effect on my child. My child's life has been changed
forever. She is very aware of the images and videos that were produced and
distributed online. She is aware of the seriousness and vastness of this crime. This
crime creates a crippling insecurity in her and makes her worried and extremely
upset. The fear consumes her daily. Talking about this crime (the distribution of her
abuse images) causes her to feel sick almost to the point of vomiting. When her
siblings start to talk about anything related to this crime, she will ask us, her family,
to stop talking about it and will go on to say how she feels ill. She will shut down and
not want to talk about it. At times my child is full of anxiety, and does not know how
to express it. Sometimes she tries to just bury it. But, she is not able to keep it
buried, and it re-emerges in unexpected and unpredictable ways—often anger, but
also sadness. I believe that she worries that others will learn what has happened to
her, and that she will be shunned, ridiculed or victimized  by others who don't know
how to react to the reality that my daughter has to cope with. She is embarrassed
and humiliated, knowing that images that portray her in a sexual manner are
available for others to see.  She is afraid, as am I,  that she will be recognized by
those who have downloaded the images of her abuse. At times, she appears to be
depressed. At those times she is withdrawn, uncommunicative, sleepy, sometimes
tearful, occasionally paralyzed and unable to move forward or complete tasks that
she is quite capable of completing, appearing to be unmotivated, unable to
concentrate, and overwhelmed. It is as if this child has a huge burden that she has to
carry, and all of her energy goes into carrying that burden, so she has less energy for
everything else in life. She doesn't want to be defined as a victim, but she cannot
escape her victimization, and she can never put it in the past, because it is ongoing.
My child, the victim, understands that I, her parent, will do whatever is necessary to
keep her safe and be her voice in the ongoing criminal proceedings. I do not know
how to help her come to terms with what she continues to experience. I worry that
it may never be possible for her to "recover" from the ongoing abuse. I fear that she
may not be able to grow beyond it because she is forever that little girl, caught in
those images that are repeatedly viewed by the defendant and his ilk.

What physical injuries or symptoms has my child suffered as a result of this crime?
My child has prolonged major trauma that will mess with her mind for the rest of
her life. She is concerned for her appearance, and, at times, has asked to alter her
features to change her appearance. Around the time when our family was notified of
the crime of the circulation of her images, she wanted her hair style to cover her

Case Name:   U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Sweet White Sugar (Pia)

Request Date:   06/29/2023

eyes. She was so little and scared, that it was a possibility that other predators might notice her from pictures and videos that surfaced online so she tried to hide herself! At times my child is full of anxiety, and does not know how to express it. Sometimes she tries to just bury it. But, she is not able to keep it buried, and it re-emerges in unexpected and unpredictable ways—often anger, but also sadness. I believe that she worries that others will learn what has happened to her, and that she will be shunned, ridiculed or victimized  by others who don't know how to react to the reality that my daughter has to cope with. She is embarrassed and humiliated, knowing that images that portray her in a sexual manner are available for others to see.  She is afraid, as am I,  that she will be recognized by those who have downloaded the images of her abuse. At times, she appears to be depressed. At those times she is withdrawn, uncommunicative, sleepy, sometimes tearful, occasionally paralyzed and unable to move forward or complete tasks that she is quite capable of completing, appearing to be unmotivated, unable to concentrate, and overwhelmed. It is as if this child has a huge burden that she has to carry, and all of her energy goes into carrying that burden, so she has less energy for everything else in life. She doesn't want to be defined as a victim, but she cannot escape her victimization, and she can never put it in the past, because it is ongoing.

How has this crime affected the way my child relates to his or her friends, either at school or in my neighborhood? Has the crime affected my child's school work in any way? I'd like to give you an example of how this crime has affected her in relation to social situations at home and school. At home, she is often afraid to go outside and play unless one of her family members is watching and keeping an eye on her. Mostly she has resorted to staying inside where she feels safe. She used to be such a carefree, outgoing little girl, not afraid of anything. The circulation of her abuse images has fueled a type of ingrown fear causing her to be withdrawn, often causing her to not want to engage in public events. Most recently, there was talk about a school project that the teacher had requested the students converse with an adult (a Community Political Party Leader) online, for the sole purpose of asking questions related to politics. My child was in no way comfortable communicating online with an adult, especially a stranger. She is afraid of the internet, and what she knows is out there.

My joy of parenting has been paralyzed. When I became a mom, never did I once think that my child would become a victim of sexual exploitation. Abused and molested over and over again through online child pornography. Sexual predators watching my little girl being coerced into performing degrading acts of cruel and violent abuse. My child's body being violated incessantly. She is my baby. Her well-being and my job to protect her is my concern. How is she protected from individuals such as this person? Individuals that willingly upload, possess and share videos of her? My older children are appalled to learn that these videos are in circulation. One of my children said to me, "But Mom, they can be removed forever, right?" How do I reply to a question like that? This particular individual somehow gained possession of the videos we speak of. How can I insure they will be removed forever?

| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
|---|---|---|---|
| Docket#: | 22-CR-56 | Request Date: | 06/29/2023 |
| Sweet White Sugar (Pia) | | | |

I worry about my daughter's safety and wonder if she is recognized by other pedophiles when we are out in public. My trust in other people is forever tarnished. Neither I nor my child know: who has seen her images? What do people assume or believe about her, based upon what has been circulated on the internet? She does not want to be defined by her abuse, but she cannot escape it either. When we go to a public place, like a mall, a theater, a sporting event, I wonder: who here has seen my child's abuse? Like my child, I am suspicious of everyone, and I no longer believe in the goodness of other people. I fear that strangers may come after my child, seeking to perpetuate or re-enact the abuse they've witnessed, perhaps even trying to kidnap her. My child and I are defensive and fearful in ways that other children don't have to be—because their privacy isn't invaded on a regular basis by strangers, like the defendant.

Do you have any idea how this has affected us? Counseling is ongoing, but it can only help us cope with the reality—it cannot un-do the harm. Financially we have struggled greatly. My mental and emotional health has been affected due to the crime and has impacted my ability to work full time. Emotionally we have all had to manage depression brought on by the knowledge of the ongoing crimes.

As the parent, I try to be strong, but feel very weak. I am overcome with grief; I feel dead. I myself have been diagnosed with Post-Traumatic Stress Disorder. I have had to delicately handle my older children's emotional turmoil that they have experienced due to their knowledge of these crimes.

I look at my beautiful little girl and am heartbroken. I wish I could put a stop to this crime. Today I am her advocate. I am her voice. She is the victim of a horrible crime, that no one ever, especially a child, should ever have to go through. When she becomes an adult she will be retold the stone cold truth, about what is fully online and how she has been silently abused all these years. I know she will be livid but beyond that, what other life-long health issues will she encounter? It pains me to even imagine.

This defendant has damaged, demeaned and de-valued my child. He or she may tell the court they are sorry, but there is no actual accountability to my daughter for the ways that the defendant has harmed her .

To the defendant:

You make me angry. I stand here broken-hearted for my child. As the parent, I am devastated. How will this crime affect her future? My own mind can't even comprehend why an individual would seek to possess, distribute and watch images of my child being abused. I want to protect her and keep her safe. My well being is at stake. Insecurity runs rampant through all of us. It is a daily struggle to maintain strength. The uncertainty of who is watching or viewing my exploited child is killing me!

Your actions more than disgust me! How can you prey on helpless, innocent little kids? How could you deceive everyone? It's because of people like you that our trust

Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56
Sweet White Sugar (Pia)

Request Date:        06/29/2023

in others has been compromised. My kids attend school. Are they safe to do so? How many other people like you are there out there?

I want to keep my child in a bubble to ensure that she is safe from people like you. Unfortunately, her abuse is on the internet. How can I reassure her that those images and videos are no longer being circulated online?

Her little body is supposed to be her most valuable possession, and not intended to be available for unlimited exposure. She becomes powerless through your actions. I want to know how many times you indulged in watching my child be abused. How many other people did you share the abuse with? I want to make it clear to you that my child is not a sexual object or your toy! This child is my pride and joy. I love her more than anything in the world. Being a mom is all I have ever dreamed of. What I didn't ever dream of is her life being crushed by this horrendous crime.

I have prepared this statement to speak on her behalf. I am determined to be her advocate. I strive to be the best Mom that I can be. I sacrifice my needs for the sake of my child's needs. Unfortunately, it's apparent that you and people like you selfishly pursue your own self-interest with no regard for the harm inflicted upon my child. You make me sick. Have you any remorse? Because my child has to live the rest of her life knowing that she was and is still being looked at and watched by people like you.

No court order can restore what you have taken from her—and what she is exposed to by the continuing circulation of her images to others, with no regard for her, as a child, as a person. I want you to understand the damage you have done to my daughter. I want you to understand the tremendous costs she bears and I bear for the damage you have done by invading my daughter's privacy and circulating her images.

I swear and affirm that the above statement is true and accurate.

Dated this _27th_ day of March, 2019.



Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Docket#:       22-CR-56
Sweet White Sugar (Pia)

Conviction Date:      11/22/2022

Request Date:         06/29/2023

ADDENDUM TO VICTIM IMPACT STATEMENT

I'm in disbelief that I am actually having to explain the on-going suffering of my daughter(s) in point form. Each criminal found guilty of contributing to the exploitation of my girls should be handed a sentence that includes restitution for them.  The restitution is justice for my daughters.

I have four children that each have different needs at different times.  In the last few months I've been trying to keep Pia's head above the water. This little girl is in a downward spiral. She is at an age that she wants larger answers and yet it is not in her best interest for her own health and wellness to be exposed to the gross details of her abuse.  It would be even more detrimental to her development.  It pains me to have to explain myself and the situation she is having to deal with.  I myself have to remove my protective layer and feel completely violated and vulnerable (just like my girls must feel each and every time they need to be evaluated) just to prove that my children deserve restitution.

I've been dealing with a little girl who talks daily about not wanting to exist anymore. A little girl whose pain is so great and who feels so hopeless and angry that she talks openly about wanting to kill herself.  She has become more depressed and anxious as she is maturing and growing, and as she understands to a greater depth the ongoing crimes committed against her.  She will not socialize with peers outside of school.  School attendance is irregular and I am working with the school counsellor.  My daughter had a breakdown at school just last week when she was speaking to her school counsellor. She is easily overwhelmed by her emotions. Her counsellor was very worried and concerned about her talk about suicide.  Pia will be seeing a new counsellor, soon. It's not a problem that will ever be solved but it is the only option out there to teach her how to manage the continuous pain experienced  from the existing ongoing abuse she must endure.

DATED THIS  30   DAY OF JUNE, 2019.

Exhibit 8

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: | 22-CR-56 LeopardTight (formerly called Cait) | Request Date: | 06/29/2023 |

<u>Guidance for Use of Victim Impact Statement</u>

      Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

      If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

      Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

      To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2. Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:   U.S. v. MATTHEW MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
LeopardTight (formerly called Cait)

Request Date:   06/29/2023

To:Whom this May concern,

What has happened to Me has affected My life dramatically. Everyday I get reminded of it, by hearing it on the news and just knowing people like that out there scares Me to death. It has Made Me More aware of My enviroment and the people around Me knowing that some sick person is looking at Me on the computer everyday in a way that no one should look at a kid Makes Me feel violated, it gives Me the jeebers, and it Makes Me want to throw up I don't think I would be as norMal to day if it wasn't for My step-Mom and father. My father is probably the Most protective father in the United States But im very thank ful for that because it's going to help Me in My future. Inside im really hurt. I am a real person and im not speaking for Just Me, but for every kid out in the world. I would do anything to Make sure that one less kid gets hurt. And I always will. ███████

Exhibit 9

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: Vicky (Lily) | 22-CR-56 | Request Date: | 06/29/2023 |

<u>Guidance for Use of Victim Impact Statement</u>

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2. Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
   a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
   a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
   b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
   c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
   d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
   a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
   b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
   c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:     11/22/2022

Docket#:     22-CR-56
Vicky (Lily)

Request Date:     06/29/2023

## Series Disclaimer: Vicky
Current as of September 26, 2017

This victim has provided more than one victim impact statement; the 3 most current (dated December 2011, January 2013, and September 2013) are available on VISA.   Additionally there are statements attached here from the husband of the victim (dated November 2016) as well as the mother and step-father of the victim (both dated October 2010).   The victim has indicated that she wishes all of these statements be used by prosecutors instead of, and not in addition to, any other previously provided statements.   The other statements prepared by the victim and her parents can be provided upon request.

Please note that since the victim has reached the age of majority, only she has the right to be heard by the court pursuant to 18 U.S.C. § 3771(a)(4). However, the victim has requested that the statements of her husband and parents be provided to the court along with hers, to be heard in the court's discretion.  *See United States v. Matthew*, 449 Fed. Appx. 542 (8th Cir. 2011); 18 U.S.C. § 3661.

The attorney of record has indicated that she has a video of Vicky reading her victim impact statement and it can be made available upon request. If you feel the video would be more helpful in your case, please contact the attorney directly.

For questions regarding restitution and/or the video statement, please contact:

Carol Hepburn
200 First Ave., Suite 550
Seattle, WA 98119
Office Number: 206-957-7272
Office Fax: 206-957-7273
Cell Number: 206-498-8668

Case Name:     U.S. v. MATTHEW MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56
Vicky (Lily)

Request Date:        06/29/2023

## UPDATED VICTIM IMPACT STATEMENT FROM "VICKY" SERIES VICTIM—September 23, 2013

Dear Judge

I am writing to let you know that I am still having emotional and psychological problems due to knowing that the images of me being abused as a child are circulated freely on the internet. I am attending counseling or don't need it any more.  That is very far from the truth. I have been in counseling  over the last several years and am continuing on.  Many of my same problems remain but I have made good progress in dealing with the disassociation problems that I have had in the past.

I have recently gotten married and with this change to a new stage in my life I have found that I have a new set of emotional challenges.  I also have a step daughter who is just two years old.  I see myself in her in so many ways and this triggers many concerns I have about keeping her safe given the amount of people who are downloading images of me.  Because of this I know that the world is not a safe place for children.  Knowing that there are so many out there who have taken pleasure in my pain has also interfered with my intimacy with my husband.  The images which were intermittently flashing in my waking thoughts and in my nightmares are now more frequent as my marital relationship brings up things which trigger these symptoms for me.  I know now that my life will always be an emotional roller coaster because of the "public" nature of my own private hell.  Even though I know this and can see it coming, it is very hard to bear. Counseling is a rock for me and helps me hang on to what stability that I can.

I am still focused on my schooling so that I can become a counselor and psychologist myself one day and help other children who have been abused.  I have to take it more slowly than other students do as I still find that I cannot attend open classes in the usual manner.  I have not found a job that I can do and feel safe,  I have not been able to work because of the panic attacks that I get when working in public or the intrusive questions that always seem to come from co-workers in my small town.  So the restitution which I received is very important to allow me to pay for the extra schooling and to take the place of the income I would have received had I been able to work and support myself in this process.

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56
Vicky (Lily)

Request Date:        06/29/2023

All of the statements in the impact statements I have given before are still true for me.  As I go on with my life the effects of these crimes still hurt me and I want the court and every one involved in the child pornography cases to understand this and how serious it is.

Thank you for reading my statement and considering me and the effects of this crime on me.

I, ⬛⬛⬛⬛⬛⬛, being first duly sworn on oath hereby certify and affirm that the victim impact statement I have given is true and accurate to the best of my knowledge and belief.  I submit the statement to the court for its use in sentencings in cases in which involve my images.

SUBSCRIBED AND SWORN TO BEFORE ME                this
_30___ day of __September_____, 2013

STATE OF _____        :
                                                       : ss:
COUNTY OF ____l_____        :

    I certify that I know or have satisfactory evidence that                signed this instrument, on oath, and acknowledged it as her free and voluntary act of such party for the uses and purposes mentioned in the instrument.

    Dated this 30th day of September , 2013.

Type/printed name
Notary Public in and for the State of
My commission expires:___11-6 -13_____

Case Name:    U.S. v. MATTHEW
MIECHKOWSKI

Docket#:      22-CR-56
Vicky (Lily)

Conviction Date:      11/22/2022

Request Date:      06/29/2023

**Supplement to Victim Impact Statement of Vicky Series Victim**

**January 31, 2013**

I am making this supplement to my prior Victim Impact Statement to make clear that each additional time that another person downloads and sees the computer images that are now known as the "Vicky series" it does me immeasurable additional harm.  I am hurt every time I hear about another criminal case that involves my images. With each criminal case that I hear about I know that many more copies of my images are spread around the internet; I know that there is a lesser and lesser chance that the horror I feel about people seeing me in this way will ever end.

It seems the cases will never stop coming.  With each one I have more to talk to my therapist about.  I don't know if I will ever not need a therapist.  I have hopes that some day there will be no more new cases and I can then see an end to the therapy that is my lifeline now.  But so far, that does not seem to be possible.

Despite feeling hurt each time I learn about another case with my images, I feel strongly that I have a right to know about every case.  My attorney keeps me up to date on there being notices coming in with new and on-going cases.  Even though we don't talk about the details of each case, I do know that additional notices about new cases are coming in.  Each one means an additional hurt to me. This hurt is over and above the general "aching" in my heart that is always there.  It tells me that someone else was enjoying my pain.  It may be hard for someone else to understand, but I feel that by knowing about the cases, even though it hurts, it helps me better protect myself in some small way.  My knowledge that this defendant was among those who have downloaded, looked at, and enjoyed the pictures of me at my most vulnerable has caused me more and real psychological and emotional hurt and harm.

I declare that this statement is true and correct under penalty of perjury under the laws of                              .  Signed at

1/31/13

Case Name:    U.S. v.  MATTHEW MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Vicky (Lily)

Request Date:    06/29/2023

### UPDATED VICTIM IMPACT STATEMENT FROM
### "VICKY" SERIES VICTIM—December 2011

I live everyday with the horrible knowledge that many people somewhere are watching the most terrifying moments of my life and taking grotesque pleasure in them.  I am a victim of the worst kind of exploitation: child porn.  Unlike other forms of exploitation, this one is never ending.  Everyday, people are trading and sharing videos of me as a little girl being raped in the most sadistic ways.  They don't know me, but they have seen every part of me.  They are being entertained by my shame and pain.

My world came crashing down the day I learned that pictures of me being sexually abused had been circulated on the internet.  Since then, little has changed except my understanding that the distribution of these pictures grows bigger and bigger by the day and there is nothing I can do about it.  The enormity of this has added to my grief and pain, and given me a paranoia.  I wonder if the people I know have seen these images.  I wonder if the men I pass in the grocery store have seen them. I feel totally out of control.  They are trading around my trauma like treats at a party and it feels like I am being raped all over again by every one of them.  It sickens me to the core, terrifies me and makes me want to cry.  So many nights I have cried myself to sleep thinking of a stranger somewhere staring at their computer with images of a naked me on the screen.  I have nightmares about it often.  I can never feel safe so long as my images are out there; every time they are downloaded I am exploited again, my privacy is breached, and I feel in danger again.  I fear that any of them may try to find me and do something to me.

I have a right to know who has my pictures and who is trading them. While it hurts to know, not knowing makes me feel more in danger. To be criticized for wanting to know what is going on with the humiliating pictures of me, to exercise the few rights I have under the law, only makes the hurt that much worse.  How can such people not understand, or care?

I am justified in my paranoia.  Some of these perverts have contacted me. I have received emails suggesting making porn with these

Page 1 of 4

Case Name:     U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:       22-CR-56
Vicky (Lily)

Request Date:         06/29/2023

strangers; one has stalked me.  Another created a slideshow of me
on YouTube.

As I go on with my life the effects of these crimes still hurt me and I
hope the court and every one involved will understand this and how
serious it is.  While the abuse from my biological father was awful, as
time goes on that is farther and farther away from me.  He is in jail
and can never hurt me.  That is over.  The men that download my
pictures are all around me for all I know and it will keep going on
forever.  I have no control over it at all.  This is frightening, beyond
belief.

I still have nightmares that come from knowing that pictures of me are
spread around the internet by people with perverted interests in my
pain.  I have panic attacks and flashbacks.  I can't sleep a lot of
nights--no matter how early I go to bed or how early I wake up in the
morning. Even if I've barely slept for days and I'm exhausted, sleep
doesn't come easy. I take afternoon naps just to function, but
something about the night time puts my mind on alert and after all
these years and going to different counselors, I still haven't learned
the trick to let my mind rest. When I do sleep, my dreams are vivid
and I remember them for weeks. A common theme is finding myself
naked in front of a crowd of people or in an enclosed space and I
can't escape or run away fast enough.

Most days I can put away the thoughts of the previous night and
function okay, but some days I get "stuck" and zone out. When this
happens, I sit in the same spot motionless for a long time. My mind
will come back at some point later in the day, maybe 30 minutes later
or maybe 6 hours later. I can't remember what I did during that time
but I look around my apartment for clues. This happens a few days
out of the month, more frequently if I'm under a lot of stress.

I've left my home in this "zoned-out" state of mind a few times.
Friends and family who've seen me in this state describe me as
"loopy" and tell me that they can talk me out of it by pointing out my
odd behavior and talking me through some deep breaths. They've
told me my personality changes when this happens. I can't remember
things I've said in that state, and when they repeat them back to me
it's really surprising.

Case Name:    U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Vicky (Lily)

Request Date:    06/29/2023

I have struggled off and on with this, which I now know is called dissociating.  This last year I felt under such stress, I started zoning out (or disassociating) a few times a week and having the personality issues so bad that my friends were really concerned about me. They kept telling me I wasn't acting normal, especially at night.  I had missed a lot of the first two weeks of school so I had the added stress of trying to catch up. I felt like I couldn't control it. I never knew when I was going to zone out and I kept missing classes and appointments. It seems crazy, but it took me a long time to recognize what was going on and to get myself to start working on my coping skills again.

School has been a struggle.  I have had to quit two different times; I cannot attend a regular college away from home due to my paranoia. Over the last year I have been disassociating and missing classes. This puts me behind and hurts my grades.  I'm doing my best to salvage my grade and do all the extra credit I can to compensate. My struggles with sleep due to the fear of unknown people watching my images and coming after me compounds all the other problems.  It frustrates me because I hate the feeling of being out of control, yet these effects can get triggered when I least expect it.

My paranoia about pornography and panic attacks have so far made a serious relationship beyond my capabilities.  The paranoia of knowing people are viewing videos of me messes with my mind and adds a back burner type of stress to my life constantly that is brought to the front of my mind by unexpected situations and still throws me for a loop, the episodes of disassociation and personality change, and stress management. Many of my PTSD symptoms have gotten better.  One thing that has gotten worse is that the stress affects my health and makes me sick. I sometimes stress out to the point of not being able to keep food down for days.  It also seems to wear down my immune system because I seem to be getting sick more often. In my efforts to counteract this I try to work on doing regular exercise, eating healthy, and taking vitamins every day.

I want you to know that dealing with the effects of the stress of random men looking at pictures of my sex abuse as a child is like a full time job that wears me down and colors every aspect of my life. Please think of me and what I am going through.

Page 3 of 4

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Docket#:      22-CR-56
Vicky (Lily)

Conviction Date:      11/22/2022

Request Date:      06/29/2023

I, _____, being first duly sworn on oath hereby certify
and affirm that the victim impact statement I have given is true and
accurate to the best of my knowledge and belief.  I submit the
statement to the court for its use in sentencings in cases in which
involve my images.

SUBSCRIBED AND SWORN TO BEFORE ME              this
_____ day of _____March_____, 2012.



CAROL L. HEPBURN
Notary Public in and for the State of
Residing at              .
My commission expires 11-6-13.

Page 4 of 4

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:        11/22/2022

Docket#:        22-CR-56

Request Date:        06/29/2023

Vicky (Lily)

**LETTER TO DEFENDANT FROM VICKY'S HUSBAND**

In my home every day is riddled with challenges: each with its own challenges that plague the mind and sear a broken heart towards callous obscurity.  We chase the ghosts of the past and battle the phantoms that fight to keep that darkness circulating.  Unfortunately, time can't heal all things, this is especially true as we face the persecution of a wound opened again and again for the pleasure of strangers.  You have more impact than you know.  It is our desire not only that justice be served, but that true change would be enacted through the enlightenment of this unfortunate situation.

I assure you that child pornography is not a victimless crime.  These are not the recorded tales of mutual love, but of the violation of a child's trust and the savage destruction of their childhood; resulting in a fractured and unforgiving adulthood.  There are many affects of child pornography, some more extreme than others. My wife suffers from dissociative personality disorder, which means her memory shuts off to protect her from triggers to perceived trauma.  Many of these triggers (some as simple as a word) have been discovered; but as you might guess, there are still new scenarios encountered all the time.  We are still unable to celebrate her birthday because of events that were beyond her control and their effects still linger today. Our family must guard our personalities very closely when using social media or other internet accounts.  We have been plagued by stalker after stalker calling themselves "fans" and being oblivious to the damage they are causing a survivor of one of the most traumatic evens a human can experience.

My aim is not to hurt you with these words; I pray that you were unaware of the damage you have caused.  My greatest hope is that we can meet with the realization that child pornography must stop.  There are too many little girls with broken hearts, walking around feeling empty because someone wanted what was not theirs and then took it by force and coercion.

You are a participant in that crime. You became part of the problem.

I am asking you now to help us make amends for your sins and the sins of many.  Please speak out against this act, impact the world around you for good, and turn away from what I can only describe as a great evil in our midst.  This evil creeps into the lives of otherwise good men, and begins to corrupt the heart.

I am imperfect and so how could I expect you to be? You have already been forgiven, and I want nothing more than your full restoration without the mar of your past habits and appetites.  Unfortunately, that means consequences; those that challenge you and place you in new scenarios in life.  I believe that God has a plan for you, He has not cast you aside or condemned you outright.  Please consider the ways that you can turn your perspective around, experience true repentance, and walk freely as a man redeemed.

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Docket#:      22-CR-56
Vicky (Lily)

Conviction Date:    11/22/2022

Request Date:       06/29/2023

I don't wish you pain, I don't wish you sorrow, I only ask for your assistance in putting the light back in so many broken little girls' eyes.  Help put an end to child pornography, you have more impact than you know.

Sincerely,

Vicky's Husband

DECLARATION OF COUNSEL

This Letter to Defendant was received by me November 17, 2016 from the person I know to be the husband of the Vicky series victim.  It has not been edited or altered by me and is presented to the Court in this form to preserve the anonymity of the Vicky series victim and her family.

_____

Carol L. Hepburn

STATE OF _____        :
                                 : ss:
COUNTY OF _____                 :

I certify that I know or have satisfactory evidence that _____ signed this instrument, on oath, and acknowledged it as his/her free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated this 18th day of November, 2016.

Notary Public
State of Washington
MICHELLE D SPARKS
My Appointment Expires May 16, 2019

_____
Type/printed name  Michelle D. Sparks
Notary Public in and for the State of _____
My commission expires: 5/16/19
Residing at:

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56
Vicky (Lily)

Request Date:      06/29/2023

Victim's Impact Statement – Mother of Victim Vicky Series          October 1, 2010

Your Honor and ladies and gentlemen of the court:

My daughter was raped and sexually abused in so many horrible ways, as a child, by her biological father.  He also videotaped her abuse, as he ravaged, raped, and pillaged her 10 year old body.  This sick man shared these repulsive pictures and videos of her on the internet for perverts like himself, to see.  The sexual abuse she suffered at the hands of her father, without a doubt, started her agonizing pain, but this is certainly not where her pain ends, or mine.  Yes, the memories and trauma of her abuse still haunt her, and our family, but, now, there is a new abuser.  The new abusers are the sick individuals who down load her pictures, and enjoy watching her being sexually assaulted as a child.  This sickens me!  Every time these pictures of my daughter are looked at and passed around, the depraved people doing this are furthering my daughter's pain, shame and abuse.  They pass it around like some dirty magazine, when in fact it's the footage of an abused, helpless child.  There are days when the pain from this is unbearable for me.  These vile people increase her pain, and mine.  These are certainly not the hopes and dreams I had for my little girl; this life of pain and shame.  It is so terribly sad and painful, to watch her struggle with this.  These awful people are raping my little girl all over again, by cruelly enjoying her pain and deriving some sick sexual pleasure out of it.  The knowledge of this sends me into mourning; mourning the loss of my child's dignity and well being, and mourning the fact that she suffers such deep pain.  I have watched her suffer so much already and it kills me.  I have to watch her suffer still, at the hands of people wanting to view the nightmare of her abuse, as her innocence was being robbed.  She was a child and helpless, and made to do disgusting things she did not want to do.  Approval from her biological father came only when she carried out his every dirty command.  He posed her, insisted she say certain things, and made her force a smile as he was brutalizing her.  When I think of my daughter being groomed and posed and make to feel so dirty in these perverted, and depraved pictures, and videos, it hurts me to the core.  I wonder how there can be people that could actually enjoy watching my little girl getting raped, and sexually abused.  I wish they knew how much it hurts, and how much they are worsening our pain.  Knowing that these disturbing videos of her and her abuser are being viewed, and are continuing to foster this corrupt sexual behavior, bring a lot of pain, stress and shame to her.  At the cost of here dignity, modesty, and innocence, people viewing those images of her, are furthering the terrible addiction of child pornography for themselves and others they pass it on to.  Those images are not who my daughter is, or ever wanted to be, but because she was robbed of her innocence, forced to do ugly things, and it was videotaped, she is continually being viewed as someone she is not.  She is in fact the opposite.  These offenders are still victimizing and torturing her, bringing pain and shame every time they look at those images of her.  As her mother, I share in this heartbreaking pain and the sadness this brings to me is unending.  These viewers need to understand that there is a helpless little girl on the other side of these videos, whose innocence and childhood were shattered and viewing these things make them a part of the abuse, and unimaginable pain my daughter, and our family have to face all the time.  Making viewing, and downloading child pornography is wrong and a crime.  I hope everyone can know that child pornography is not a victimless crime by the statement I've shared with you about my daughter, and our family's constant pain and struggle.

Page 1 of **3**

Case Name:    U.S. v. MATTHEW MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Vicky (Lily)

Request Date:    06/29/2023

Victim's Impact Statement – Mother of Victim Vicky Series                October 1, 2010

**Update 10/01/2010**

Now as a young adult, my daughter's life is still very hard and she still struggles so much, due to her sexual abuse and it being constantly viewed.  I also struggle.  It is so devastating to know your child's life has been brutalized, and to make matters worse, it has been released to the public for any deviant, at the press of a button, to view and continue this sickening process of enjoying my daughter's pain.

Although, she is making progress and growing stronger, this still has a major grip on her life, as it also does on mine.  She has never had a boyfriend, due to trust issues and fear of relationships.  She does very well in college and is trying to open herself up more to her friends, and fellow students.  This is going to be a continuing process.  She feels like she is marked with a scarlet letter because of her victimization and rape, marking her with shame.  The pornographic images of her are out there continually being viewed, and will continue to be forever.

If I could quote my daughter in something she often says in describing how she feels about these people downloading her images....If you can imagine having a bad picture of yourself taken, one that you're really embarrassed about ....now picture yourself naked, being raped and abused and hurt at the age of nine or ten....your pictures of abuse at the hands of someone else are now being viewed for anyone to see at the touch of a button on a computer.....these viewers are even interacting with your images of abuse.  That is how she feels everyday......wondering who is going to see her next.

As I write this impact statement I find myself drained because of the emotional strain and pain that comes from reliving this horrible ongoing crime that terribly affects me and my family.  It's a huge sorrow every day of my life, and my daughter's life, knowing her images of abuse are being traded, viewed, and inter acted with, by sick people using her nine year old body as a sexual thrill. To know these perverted people want to partake in, and are excited about the horror of your child's little body being raped over and over again makes me sick!  These viewers know she is a child. They can very clearly see that.  It makes no difference to them.  They're the reason my daughter and our family have to keep reliving this horror of her abuse because they keep it going.  They keep viewing it and passing it on to others.  She didn't have a choice....they do!!  Their choice is traumatizing my daughter and exploiting the broken pieces of her life.  These viewers made the choice to descend to the lowest degree and rape her with their eyes , and with their minds,  as she was being robbed of her innocence at 9 years old. I feel robbed every time I get notified of another case involving my daughter's images.  I feel like some part of her is being taken and used and abused every time I hear of another perpetrator.  Can you imagine how hard it is for her to regain her self esteem, dignity, and well being?  It confuses me that some people in powerful positions can believe this is a victimless crime.....not only is our daughter a victim, but our family is also.

As her mother, the sadness of what has happened to her and what is still happening to her is unending.  They say time is a healer of all wounds, but I have yet to feel this pain sub side.

Child pornography is a crime and those viewing it are committing a crime that always hurt the child or children who are involved.  It is destructive in every way to the viewer as well. This crime needs to have severe consequences because of the devastating pain, fear, and shame it causes children.  This pain

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Vicky (Lily)

Request Date:    06/29/2023

Victim's Impact Statement – Mother of Victim Vicky Series                October 1, 2010

does not end for the child or their families, but continues on for the rest of their lives.  I wish I could take away my daughter's pain and give her back what has been stolen from her.  I cannot, but I am asking for accountability from the individuals who have hurt her and are continuing to hurt her.  For my daughter and countless others who are victims of such a terrible and painful crime; please grant us justice today!

 Sincerely,



Case Name:   U.S. v. MATTHEW
MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Vicky (Lily)

Request Date:   06/29/2023

**VERIFICATION**

STATE OF ▮                    )
                             ) ss.
COUNTY OF ▮▮▮▮▮▮▮            )

   I, ▮▮▮▮▮, being first duly sworn on oath hereby certify and affirm that the victim impact statement I have given is true and accurate to the best of my knowledge and belief.  I submit the statement to the court for its use in sentencing proceedings in cases which involve the images of my daughter.



   SUBSCRIBED AND SWORN TO before me this 16 day of October, 2010.

PRINTED/TYPED NAME: CAROL HEPBURN

NOTARY PUBLIC in and for the State of
_____, residing at_____.
My Commission Expires 11-6-13 .

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: | 22-CR-56 | Request Date: | 06/29/2023 |
| Vicky (Lily) | | | |

Victim's Impact Statement – Step-Father of Victim Vicky Series          October 1, 2010

To whom it may concern,

My family has endured five years, to date, of a living hell because of the selfish, perverted actions of a very sick and evil individual.  My daughter lived with this pain and trauma for six years prior, unable to tell anyone because of the fear she had for her biological father.  We thought we were dealing with one "bad apple", but as time goes by we are finding that there are more and more of these sick individuals that are viewing, and sickly satisfying their awful desires.

We still have the haunting memories of the letters in the mail, and emails letting us know of all the individuals that are being prosecuted because they have our daughter's images, child pornographic images, on their computer.  We don't' receive the notices anymore, the pain and gut wrenching reminder of receiving enough notices to over flow a 55 gallon drum is more than my family can take.  It's also unfathomable to know there are so many perverts in this country and around the world.  It sickens me and hurts me to the core knowing that so many perverts are viewing my little daughter as she was made to dress up like a hooker, and is molested and raped time and time again.  I am heartbroken knowing that I couldn't protect my daughter.  The letters and emails brought that pain up again and again and I couldn't deal with that, knowing her innocence has been torn away and now how she is continually reminded that her pictures will be there forever!   This father's heart is broken.

My daughter carries her shame like a scarlet letter.  She knows that if a friend or acquaintance looks her up on the internet they are going to find the ugly, horrible, awful history that eats away at her self-esteem and paralyzes or inhibits her ability to function at school and as a normal young adult.  She knows that this is the challenge that she has to live with, but the horrible trauma continues to take its toll on her body and soul.  The constant reminder that her pictures are out there brings forward the guilt and shame, which cause nightmares and makes her want to isolate herself from others.  Each time she hears about these cases she looks so strong on the outside, but when you sit and talk with her you see the pain, you hear the struggles and feel the sadness, despair and the emotional drain that it causes.

My family is asking for Justice with each case that is brought forward with these perverted individuals.  We are hoping and praying that they can understand how wrong they are and how hurtful their actions are for each victim in the pictures and videos on their computers.  We want them to know that they have a choice to decide to view the images, or not, and because they have chosen to view these child pornographic images they are victimizing each child viewed… bring back the pain and suffering these children have already had to endure.  Our Justice System needs to protect these children from the preying eyes and hands of these perverts, because they can't fight back, or don't know how to.  Our Justice System needs to understand that there is a victim in each of these images, and each time a picture is downloaded these children are victimized again and again.  Please help these perverted individuals understand the significance of what they are doing and how each child is a victim because each child has done nothing wrong.

My daughter is the strongest person that I know and I am so proud of her.  It is extremely sad to see how this horrible situation continues to beat her down emotionally and physically.  She still has trouble sleeping due to nightmares of the horrible trauma she went through, and also of new people finding out

Victim's Impact Statement – Step-Father of Victim Vicky Series          October 1, 2010

who she is, or unknown people finding her and abusing her.  She also has severe stomach aches and headaches that incapacitate her, causing her to miss school and work.  I pray that she can heal from the trauma that her biological father did to her and from the constant reminders that each of these sick individuals bring with each download.  I also pray for the rest of my family.  The crimes against my daughter have had untold effects on our other children, my wife and myself.  This "living hell" that I first mentioned is a day-to-day ordeal that can raise its ugly head at the most in-opportune times.  Like my daughter, we are sometimes paralyzed by the trauma that comes from being the parents of a sexually abused child.  The sad fact is this doesn't end, because my daughter's images will be out on the internet forever, continually reminding her and us of how fragile we all are.  The internet is such a powerful tool, but child pornography, and how it perpetuates the re-victimization of children is an extreme consequence to our society as a whole, but specifically to our vulnerable children.

Our society views our children as precious little gifts that we should love and protect.  Some sick, perverted individuals use the internet as their evil play ground to share and use in their sick, fantasy world.  They choose to do this. They choose to push the buttons.  They make a decision to download and view.  Actions sometimes have consequences, and when actions like this happen the consequences should be powerful and lasting.  Give my daughter her justice, so that she may completely heal some day.

Respectfully,



p

**VERIFICATION**

STATE OF ▮▮▮▮▮           )
                         ) ss.
COUNTY OF ▮▮▮▮▮           )

    I, ▮▮▮▮▮, being first duly sworn on oath hereby certify and affirm that the victim impact statement I have given is true and accurate to the best of my knowledge and belief.  I submit the statement to the court for its use in sentencing proceedings in cases which involve the images of my step-daughter.

SUBSCRIBED AND SWORN TO before me this _16_ day of _October_ ,
2010.

PRINTED/TYPED NAME: _CAROL Hepburn_

NOTARY PUBLIC in and for the State of __ , residing at__ .
My Commission Expires _11-6-13_ .

Exhibit 10

Case Name:    U.S. v.  MATTHEW                    Conviction Date:      11/22/2022
MIECHKOWSKI

Docket#:       22-CR-56                           Request Date:         06/29/2023
MotherFull 20121

## Guidance for Use of Victim Impact Statement

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1.    When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2.    Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    a)    Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3.    The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a)    The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b)    Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c)    Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.

    d)    The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4.    When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a)    obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b)    obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c)    Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:       11/22/2022

Docket#:        22-CR-56
MotherFull 20121

Request Date:        06/29/2023

## Series Disclaimer: Mother Full 20121
Current as of May 2023

As of May 2023, the parents of the minor victim in the MotherFull 20121 series are representing their child for purposes of seeking restitution with cases involving transportation, distribution, receipt, possession, accessing or advertising, however **the only restitution information available, at this time, is mentioned within the VIS itself.**

The parents are aware that the lack of supporting documentation regarding losses could prohibit restitution from being ordered.

A more substantive guidance document can be found on the CEOS Intranet here: https://dojnet.doj.gov/criminal/ceos/restitution/MotherFull-20121-Restitution-Guidance-2023.pdf

If you have any questions, please contact EOUSAs Victim Witness Program at: usaeo-vwpsc@usa.doj.gov.

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: MotherFull 20121 | 22-CR-56 | Request Date: | 06/29/2023 |

This letter is to serve as a victim impact statement and restitution request in every case that DJMW is identified in as a victim. DJMW has suffered greatly as a result of the crime that was committed against her regarding the Mothefull2112 case and has been exploited sexually do to this crime. DJMW suffers severe anxiety attacks and has been diagnosed with anxiety, depression, visual and auditory hallucinations as a result of the crimes committed against her. She is in therapy weekly and is on several prescription medications to help her deal with the ongoing effects of this abuse.

While DJMW does everything that she can to lead a normal life the events of her past have severely impacted her health and well being and continues to cause her ongoing and severe mental health issues. The impact of the abuse that was inflicted upon her is massive and she will suffer its effects for the rest of her life.

Please consider this statement in every case that is brought to light as every time the video that was created is viewed, ▮▮▮▮ is again made a victim. The fact that this video is on the internet and cannot be stopped is an ongoing abuse that will impact her life and wellbeing for the foreseeable future.

We are also requesting all restitution that is available to help offset the costs of her ongoing treatment and any future treatment that will be required.


Thanks

T▮▮▮▮ ▮▮▮▮▮▮ and P▮▮▮ ▮▮▮▮▮▮▮▮▮▮.


Although most of DJMW expenses are covered through Medicaid there are still financial impacts to her and the rest of our family. I (T▮▮▮▮ ▮▮▮▮▮▮) have not been able to work a full-time job as I'm constantly having to be home for doctors appointments and counselling sessions (while my wife P▮▮▮ ▮▮▮▮▮▮▮▮▮ is the sole provider) in line with DJMW ongoing treatment. This impacts our family's ability for any meaningful saving and the ability for us to save for DJMW further education (College savings) or any extra funds that would go towards the betterment of DJMW quality of life. While I do not have a specific dollar amount available we would like to use any restitution available to help DJMW prepare for her future such as setting up a fund for college and being able to afford all of the expenses that come with her future educational plans. Without my ability to be able to work full time and focus my time and energy on DJMW we (our family) is greatly impacted and not able to set aside any significant saving for our child's future. The main goal of requesting restitution is to try and ensure my daughters future education, growth and well-being. In addition to cover DJMW future expenses once her Medicaid coverage stops.


Thank You

T▮▮▮▮ ▮▮▮▮▮▮ and P▮▮▮▮▮▮▮▮▮▮▮▮▮s

Exhibit 11

Case Name:   U.S. v.  MATTHEW MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56 Tara

Request Date:   06/29/2023

<u>Guidance for Use of Victim Impact Statement</u>

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1.  When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.

2.  Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.

    a)  Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.

3.  The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):

    a)  The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.

    b)  Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.

    c)  Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.

    d)  The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.

4.  When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:

    a)  obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or

    b)  obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).

    c)  Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: Tara | 22-CR-56 | Request Date: | 06/29/2023 |

### <u>Series Disclaimer: Tara</u>
Current as of March 21, 2023

As of March 2023, the victim's mother has provided an updated restitution request as part of her daughter's statements. <u>The current amount of unpaid restitution is highlighted in yellow on the attached documents</u>.

EOUSA is in communication with the victim's mother concerning the updated request for restitution. Should the attached documents not be sufficient as supporting documentation, please contact EOUSA and keep in mind that pursuant to 18 U.S.C. 3664(d)(5), you may wish to ask the Court to delay ruling on the restitution request for 90 days to allow time for additional materials to be gathered.

All additional guidance concerning the restitution request for this victim can be found on the Child Exploitation Intranet at https://dojnet.doj.gov/criminal/ceos/restitution/Tara-Restitution-Guidance.pdf.

Case Name:    U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Tara

Request Date:    06/29/2023

Case Name:      U.S. v.  MATTHEW MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56

Request Date:      06/29/2023

Tara

# VICTIM IMPACT STATEMENT
## "Tara" Series

9/20/20

As the victim of this horrific crime that continues to follow me, I would like to submit a statement.  I have tried over the years to overcome my past and not let it determine my future, but perpetrators and stalkers still find a way to view this filth.  As a child, I had no control over these acts nor the videos that were produced.  As I have aged, I'm appalled at the number of people who find this on the internet still.

From the time that this came into the public eye, I have been unable to live in my family home not only due to the fact that these original crimes were perpetrated in that home, but also to the fact that harassment by people who began to watch my house and post our comings and goings in chat rooms.  Someone immediately broke our windows.  People continued to harass me and my family by turning on the water, tampering with the mailbox, throwing nails in our yard.  The last straw was someone sending sexually explicit items to me (an under 12-year-old minor at the time) to our house address.  I was forced to vacate this house since law enforcements were unable to track the perpetrators, so my young life was topsy turvy trying to find temporary housing.  I was forced to live with different people for my protection, so the instability has caused me to live in constant fear for my safety.

I went through weekly counseling for several years and had night terrors for months after the original perpetrator was convicted of all his crimes, but he had shared this with more individuals who shared this.  Since this time, I have been unable to be a normal child growing into a normal teen who could come and go and just enjoy being young.  I was unable to have social media like the normal kid, because these sick individuals would find me and send me very threatening messages against my welfare.  My mom was forced to constantly follow me places – school events, sports, field trips, etc.  Even as I have grown older, there are consistent concerns for my welfare, and extreme measures are in constant force to keep me safe.  I received threats in message boards along with people telling me that I was worthless and should kill myself. So, in effect, I, as a victim, was being bullied over a crime that robbed me of my childhood.  It makes me extremely angry at the individuals who view and distribute this because they are fueling this sick obsession.

Even in the past 3 years as most recent as 2019, I have been stalked online and off.  I even had a young person I knew send me some of those terrible photos during the past 3 years.  In recent months, I had a stranger contact one of my friends to get in touch with me.  Even though he came across to my friend as curious, I have no doubt it was a predator looking for me.  I most recently have been in counseling due to constant anxiety and stress over the situation.  This counselor has suggested that I remain in counseling for many years due to this constant anxiety.  Because of this continuous stalking and fear, I have begun to have severe panic attacks during the summer of 2020.  My physician said that these can be caused by a build-up of years of fear for my life.

Every time someone views this trash, he is once again making me re-live the most horrific part of my childhood.  I can never truly heal because the perpetrators and stalkers never allow me to do so.  Anyone viewing these videos/pictures is just as guilty for causing me or any other exploited child undue harm, unneeded stress and insecurity in a time when we need to feel safe and have a chance to heal/recover.  As a young adult, I now realize the extent of people looking at these and I'm concerned about their locations fearing that they will find me.  These people need to be punished for taking away a major part of my childhood and sense of security.

I offer these reasons the defendant should not be allowed around children for a long time.

Sincerely,


"Tara"

| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
|---|---|---|---|
| Docket#: | 22-CR-56 | Request Date: | 06/29/2023 |
| Tara | | | |

---

**"Tara" - claims to restitution**

| | | | |
|---|---|---|---|
| Billings | $ | 9,190.78 | Counseling Sessions/mileage ▇▇▇▇ 2008-2010 |
| | $ | 11,152.00 | 2008-2023  insurance prem |
| | $ | 216.00 | **2019 counseling expenses** |
| | $ | 26,400.00 | future counseling -recommended (see attached letter) |
| | $ | 4,967.03 | Medical expenses 2020-2023 due to panic attacks |
| | $ | 5,664.00 | tracker phone for protection |
| | $ | 3,639.84 | expenses for PO Box to avoid harassment |
| | $ | 232,600.00 | loss of housing for victim due to stalkers/harrassers 2012-2023/ protection mea |
| | | | - see impact statement/attachment |
| | **$** | **293,829.65** | **subtotal before reimbursement** |
| | $ | (6,872.38) | reimbursed by insurance |
| | $ | (150,775.00) | reimbursed by outside source (non-insurance) |
| | **$** | **136,182.27** | **unreimbursed expenses (as of March 2023)** |

| Case Name: | U.S. v.  MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
|---|---|---|---|

| Docket#: | 22-CR-56 | Request Date: | 06/29/2023 |
|---|---|---|---|
| Tara | | | |

1:33 PM
21/06/10
Accrual Basis

**Treatment Center,** ▮
**Invoices for Hi**
**All Transactions**

| Date | Name | Amount |
|---|---|---|
| 4/29/2009 | Hi ▮AB:... | 106.06 |
| 6/3/2009 | HL... ▮AB:... | 106.00 |
| 5/10/2009 | Hu ▮AB:... | 106.00 |
| 6/17/2009 | HL ▮AB:... | 106.00 |
| 7/1/2009 | Hi ▮AB:... | 106.00 |
| 7/22/2009 | Ht ▮AB:... | 106.00 |
| 7/29/2009 | HL ▮AB:... | 106.00 |
| 8/5/2009 | HL ▮AB:... | 106.00 |
| 8/12/2009 | Hu ▮AB:... | 106.00 |
| 8/19/2009 | Hi ▮AB:... | 106.00 |
| 9/2/2009 | Hi ▮AB:... | 106.00 |
| 9/9/2009 | Hi ▮AB:... | 106.00 |
| 9/30/2009 | H ▮AB:... | 106.00 |
| 10/14/2009 | H... ▮AB:... | 106.00 |
| 10/21/2009 | HL ▮AB:... | 106.00 |
| 10/28/2009 | Hi ▮AB:... | 106.00 |
| 11/11/2009 | HL ▮AB:... | 106.00 |
| 11/18/2009 | Hu ▮AB:... | 106.00 |
| 11/25/2009 | Hi ▮AB:... | 106.00 |
| 12/2/2009 | Hi ▮AB:... | 106.00 |
| 12/16/2009 | Hi ▮AB:... | 106.00 |
| 12/30/2009 | Hi ▮AB:... | 106.00 |
| Total | | 2,332.06 |

F

Case Name:      U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56
Tara

Request Date:      06/29/2023

Case Name:    U.S. v. MATTHEW MIECHKOWSKI

Conviction Date:    11/22/2022

Docket#:    22-CR-56
Tara

Request Date:    06/29/2023

Apr-07-2010 09:42 AM        TREATMENT CENTER

1/1

9:34 AM
04/07/10

**Treatment Center, Inc.**
**Customer QuickReport**
November 1, 2007 through April 7, 2010

| Type | Date | Num | Memo | Account | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|
| **AB** | | | | | | | |
| **MCAID** | | | | | | | |
| Invoice | 8/20/2008 | 85360 | | 1200 · Accounts Re... | | Services | |
| Invoice | 8/28/2008 | 85560 | | 1200 · Accounts Re... | | Services | 106.06 |
| Payment | 9/2/2008 | 0373... | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Invoice | 9/3/2008 | 85655 | | 1200 · Undeposited Re... | | Services | 212.12 |
| Payment | 9/9/2008 | 0374... | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Invoice | 9/17/2008 | 85960 | | 1200 · Accounts Re... | | Services | 106.06 |
| Payment | 9/24/2008 | 0377... | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Invoice | 9/24/2008 | 86104 | | 1200 · Accounts Re... | | Services | 106.06 |
| Payment | 9/30/2008 | 0378... | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Invoice | 10/1/2008 | 86282 | | 1200 · Accounts Re... | | Services | 106.06 |
| Invoice | 10/7/2008 | 0379... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 10/8/2008 | 86424 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 10/14/2008 | 0380... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 10/15/2008 | 86586 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 10/21/2008 | 0382... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 10/22/2008 | 86777 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 10/28/2008 | 0383... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 11/5/2008 | 87026 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 11/11/2008 | 0385... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 11/12/2008 | 87180 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 11/18/2008 | 0386... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 11/19/2008 | 87322 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 11/25/2008 | 0387... | | 1499 · Undeposited ... | | Services | 106.06 |
| Payment | 11/26/2008 | 87481 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Invoice | 12/3/2008 | 0388... | | 1499 · Undeposited ... | | Services | 106.06 |
| Invoice | 12/3/2008 | 87536 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Payment | 12/9/2008 | 0390... | | 1499 · Undeposited ... | | Services | 106.06 |
| Invoice | 12/10/2008 | 87775 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Payment | 12/16/2008 | 0391... | | 1499 · Undeposited ... | | Services | 106.06 |
| Invoice | 12/17/2008 | 87916 | | 1200 · Accounts Re... | | 1200 · Accoun... | 106.06 |
| Payment | 12/23/2008 | 0392... | | 1200 · Accounts Re... | | Services | 106.06 |
| Invoice | 1/7/2009 — | 88275 | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Payment | 1/13/2009 | 0396... | | 1200 · Accounts Re... | | Services | 106.06 |
| Invoice | 1/14/2009 – | 88412 | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Payment | 1/20/2009 | 0397... | | 1200 · Accounts Re... | | Services | 106.06 |
| Invoice | 4/17/2009 · | 90285 | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Payment | 4/21/2009 | 0412... | | 1200 · Accounts Re... | | Services | 106.06 |
| **EDW** | | | | 1200 · Accoun... | | | 106.06 |
| **MCAID** | | | | | | | |
| Invoice | 1/30/2009 – | 88755 | | 1200 · Accounts Re... | | Services | |
| Payment | 2/3/2009 | 0399... | | 1499 · Undeposited ... | | 1200 · Accoun... | 106.06 |
| Invoice | 2/13/2009 | 89040 | | 1200 · Accounts Re... | | Services | 106.06 |
| Invoice | 2/27/2009 – | 89339 | | 1200 · Accounts Re... | | Services | 106.06 |
| Invoice | 3/13/2009 · | 89617 | not eligible fo... | 1200 · Accounts Re... | | Services | 106.06 |
| Payment | 4/21/2009 | 0412... | | 1499 · Undeposited ... | | Services | 0.00 |
| **EG** | | | | | | 1200 · Accoun... | 212.12 |
| **Walker Co DFACS/** | | | | | | | |
| Invoice | 7/11/2008 | 84535 | | 1200 · Accounts Re... | | Evaluations | 405.00 |
| Payment | 8/13/2008 | 105183 | | 1499 · Undeposited ... | | 1200 · Accoun... | 405.00 |

Page 1

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Tara

Request Date:   06/29/2023

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56
Tara

Request Date:      06/29/2023

**TARA INS CLAIM**
Claim Information ...

| Patient/Me | Date of Service | Type | lim # | Status | My Portion |
|---|---|---|---|---|---|
| H | 9/29/2021 | Prescription | 8290 | Processed | $1.73 |
| H | 9/29/2021 | Prescription | 8290 | Processed | $1.73 |
| H | 8/28/2021 | Prescription | 3290 | Processed | $1.73 |
| H | 8/2/2021 | Prescription | 8190 | Processed | $1.73 |
| H | 6/28/2021 | Prescription | 2190 | Processed | $1.73 |
| H | 5/21/2021 | Prescription | 5090 | Processed | $2.12 |
| H | 4/26/2021 | Prescription | 1090 | Processed | $2.12 |
| H | 3/30/2021 | Prescription | 6980 | Processed | $3.00 |
| H | 2/1/2021 | Prescription | 6880 | Processed | $3.00 |
| H | 1/20/2021 | Prescription | 4880 | Processed | $3.43 |
| H | 1/20/2021 | Prescription | 4880 | Processed | $3.49 |
| H | 1/8/2021 | Medical | 7400 | Processed | $84.28 |

$110.09      **2021**

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56
Tara

Request Date:         06/29/2023

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Tara

Request Date:   06/29/2023

**TARA INS CLAIM**
Claim Information ...

| Patient/Me | Date of Service | Type | aim # | Status | My Portion |
|---|---|---|---|---|---|
| H | 12/31/2020 | Prescription | 31880 | Processed | $3.00 |
| H | 12/3/2020 | Prescription | 56780 | Processed | $3.00 |
| H | 11/2/2020 | Prescription | 21780 | Processed | $3.00 |
| H | 11/2/2020 | Prescription | 21780 | Processed | $3.00 |
| H | 11/2/2020 | Prescription | 21780 | Processed | $1.40 |
| H | 10/4/2020 | Prescription | 26680 | Processed | $3.00 |
| H | 9/22/2020 | Prescription | 14680 | Processed | $1.45 |
| H | 9/21/2020 | Prescription | 04680 | Processed | $1.45 |
| H | 9/9/2020 | Prescription | 31680 | Processed | $3.00 |
| H | 8/24/2020 | Prescription | 19580 | Processed | $1.45 |
| H | 8/21/2020 | Medical | 38900 | Processed | $120.26 |
| H | 8/21/2020 | Prescription | 58580 | Processed | $3.00 |
| H | 7/31/2020 | Prescription | 05580 | Processed | $1.01 |
| H | 7/30/2020 | Medical | 14100 | Processed | $143.13 |
| H | 7/30/2020 | Medical | 34400 | Processed | $1,206.21 |
| H | 7/24/2020 | Medical | 15100 | Processed | $120.26 |
| H | 7/24/2020 | Prescription | 33580 | Processed | $3.00 |
| H | 7/20/2020 | Medical | 19400 | Processed | $18.00 |
| H | 7/20/2020 | Medical | 54200 | Processed | $13.77 |
| H | 7/19/2020 | Medical | 31700 | Processed | $1,480.87 |
| H | 7/18/2020 | Medical | 03400 | Processed | $252.12 |
| H | 7/18/2020 | Medical | 59700 | Processed | $0.00 |
| H | 7/18/2020 | Medical | 22400 | Processed | $18.00 |
| H | 7/18/2020 | Medical | 16300 | Processed | $13.77 |
| H | 7/18/2020 | Prescription | 72580 | Processed | $3.11 |
| H | 7/10/2020 | Medical | 36900 | Processed | $109.49 |

**$3,529.75**     **2020**

Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:       22-CR-56
Tara

Request Date:      06/29/2023

| | | |
|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: 11/22/2022 |
| Docket#: | 22-CR-56 Tara | Request Date: 06/29/2023 |

SHERIFF'S ENTRY OF SERVICE

SC-85-2

Civil Action No. CV12MO308

Date Filed 2-24-12

Superior Court ☐
State Court ☐
Juvenile Court ☐

Magistrate Court ☒☒
Probate Court ☐

_____ COUNTY

CitiMortgage, Inc.

Attorney's Address

_____ Hall

_____ Plaintiff

VS.

Name and Address of Party to be Served.

H

Any Other Occupant

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 24 day of February, 20 12.

March 2, 2012
Last date to answer

#85 _____

DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-D

Case Name:      U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:      11/22/2022

Docket#:      22-CR-56
Tara

Request Date:      06/29/2023

Case Name:   U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:   11/22/2022

Docket#:   22-CR-56
Tara

Request Date:   06/29/2023



Amy ████ Psy.D.
Licensed Psychologist

August 31, 2019

Dear Sir or Madam:

Ms.      H      was my client from 2008 until 2010. At age 10, she was brought into treatment
to address symptoms related to enduring several years of severe sexual abuse by a family member. I
evaluated Ms. H      on August 30th, 2019 and she continues to experience symptoms of anxiety,
suspiciousness, excessive worry, and insomnia.

As a result of her symptoms,      struggles with social interaction, and with completing assign-
ments. She is often withdrawn from others and activities, and feel overwhelmed by tasks. As such,
Ms. H      indicates that she feels limited in her functioning.

Because Ms H      is a      this year, in addition to classes, working, and volunteering, she has
the additional pressure of applying to      programs. As a mental health professional, I am aware
of the significant benefits that emotional support animals provide for individuals with similar strug-
gles. As such, I am recommending that Ms.      be allowed on campus. It is my belief that
her animal will provide comfort, and assist Ms. H      in best achieving her goals at

I have also recommended that Ms. H      pursue regular, ongoing treatment with      mental
health professionals.

Thank you in advance for your time and consideration. Please don't hesitate to contact me with any
questions or concerns.

Best regards,

Amy ████
Licensed Psychologist
License ████

Case Name:     U.S. v.  MATTHEW
MIECHKOWSKI

Conviction Date:     11/22/2022

Docket#:     22-CR-56
Tara

Request Date:     06/29/2023

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. MATTHEW MIECHKOWSKI | Conviction Date: | 11/22/2022 |
| Docket#: | 22-CR-56 Tara | Request Date: | 06/29/2023 |



11:27

AUG 30, 2019  2:59 PM

AB

## You sent $175.00 to Amy ▮▮▮▮▮

You were charged $180.38 after a $5.38 fee.

Thank you, again!

## **CERTIFICATE OF SERVICE**

I, Rae Costa, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S SUPPLEMENTAL SENTENCING INFORMATION; DECL. OF TRITIA L. YUEN; EXHIBITS 1-9**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By email delivery, as follows: **SEE ATTACHED**

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **July 6, 2023**, in Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.

/s/
_____
Rae Costa
Legal Assistant

1

**<u>ATTACHMENT</u>**

2    USPO Officer Shani Kochav
     Shani_Kochav@cacp.uscourts.gov
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28